**UNITED STATES v. MUSCHANY et al.**

**SAME v. ANDREWS et al.**

Nos. 13234, 13235.

Circuit Court of Appeals, Eighth Circuit.

June 10, 1946.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., S. Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., and Roger P. Marquis and Wilma C. Martin, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellant.

William R. Gentry, of St. Louis, Mo., for appellees James Karl Muschany and Vera Muschany.

Samuel M. Watson, of St. Louis, Mo., for appellees William M. Andrews and Bertha L. Andrews.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

These are consolidated appeals from orders denying the government's motions to delete interest from two judgments entered in condemnation proceeding instituted for the purpose of acquiring title to lands for the Weldon Springs Ordnance Plant in St. Charles County, Missouri. The appeals also cover orders denying motions for reconsideration of the motions to modify the judgments. Prior to the institution of the condemnation proceedings, the War Department had entered into contracts with property owners, including the appellees, to purchase the lands at fixed prices. In the condemnation proceedings the appellees contended that the government was obligated to pay, as just compensation, the prices fixed by the contracts. The government asserted that the contracts were invalid. The District Court ruled that the purchase contracts were valid and that their effect was to fix the compensation to which the appellees were entitled, 46 F.Supp. 921. The judgment in No. 13,234 (Muschany) was entered October 12, 1942. The judgment in No. 13,235 (Andrews) was entered on November 5, 1942. Each of the judgments provided for interest at 6% per annum upon the amount of the award. In December, 1942, the government appealed from these judgments. This Court reversed the District Court on the ground that the purchase contracts were invalid. 139 F.2d 661. The Supreme Court granted certiorari, 321 U.S. 760, 64 S.Ct. 846, 88 L.Ed. 1058, and reversed this Court, 324 U.S.

49, 65 S.Ct. 442, 89 L.Ed. 744, holding that the compensation recoverable by the appellees was to be determined from the contracts. Each of the cases was remanded by the Supreme Court to the District Court with directions "that such further proceedings be had in said cause, in conformity with the opinion and judgment of this Court [Supreme Court], as according to right and justice, and the laws of the United States, ought to be had." The mandates were filed April 2, 1945.

On April 6, 1945, the government filed motions to modify the judgments by deleting the provisions with reference to the payment of interest on the awards. The court, 61 F.Supp. 199, denied the motions to modify, mainly upon the ground that the opinion and mandates of the Supreme Court precluded any modification of the judgments. The government has appealed, not from the judgments but from the order, in each case, "filed and entered July 10, 1945, overruling plaintiff's motion to modify the judgment by deleting therefrom the payment of interest in addition to the optioned amount, and from the order of the Court entered on July 31, 1945, overruling the plaintiff's motion for a new trial or rehearing of said motion to delete."

The question which the government seeks to raise on these appeals is that of the right of the appellees to have interest. That question was not argued or ruled upon by this Court or by the Supreme Court in the former appeals in these cases. If the question were reviewable on these appeals, it would be resolved in favor of the government under our decisions in Oliver v. United States, 155 F.2d 73, and United States v. Albrecht et al., 155 F.2d 77. The appellees contend that the question of interest is res judicata.

 The first question to be considered is that of the jurisdiction of this Court. If the judgments in these cases were not final and conclusive at the time these appeals were taken, it was because of the former appeals in these cases and the motions of the government, made after mandate, to modify the judgments. The general rule is that if a motion for rehearing or for a new trial, or to vacate, amend or modify a judgment or the findings upon which it is based, is made seasonably and is entertained, such motion has the effect of extending the time for appeal from the judgment [sought to be affected] until final disposition of the motion. Such a motion is held to deprive the judgment "of that finality which is essential to appealability." Leishman v. Associated Electric Co., 318 U.S. 203, 205, 63 S.Ct. 543, 87 L.Ed. 714. This does not mean, however, that an order disposing of such a motion is an appealable order or that an appeal from it brings up for review the question of the legality of the judgment.

A timely motion which challenges the correctness of a judgment or order is intended to afford the trial court an opportunity to reconsider its action in entering the judgment and to amend it. The motion merely postpones the finality of the judgment and extends the time for appeal from the judgment. An appeal from the denial of such a motion is not an appeal, or the equivalent of an appeal, from the judgment or order the modification of which is sought. In re Schulte-United, Inc., 8 Cir., 59 F.2d 553, 559; State of Missouri v. Todd, 8 Cir., 122 F.2d 804, 806; Jones v. Thompson, 8 Cir., 128 F.2d 888, 889; Brown v. Thompson, 8 Cir., 150 F.2d 171, 172-173. The appeal lies from the final judgment or order challenged by the motion, and not from the District Court's refusal to modify it. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 149, 150, 63 S.Ct. 133, 87 L.Ed. 146; Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557; Conboy v. First National Bank of Jersey City, 203 U.S. 141, 145, 27 S.Ct. 50, 51 L.Ed. 128; Alexander v. Special School District of Booneville, 8 Cir., 132 F.2d 355, 358; Brown v. Thompson, supra, 150 F.2d 171, pages 172-173.

The appeals are dismissed for want of jurisdiction.