## ST. LUKE'S HOSPITAL v. MELIN.
### No. 13837.

United States Court of Appeals
Eighth Circuit.
Feb. 17, 1949.

J. E. Montague, of Duluth, Minn. (Dancer, Montague, Applequist, Lyons & Spang, of Duluth, Minn., on the brief), for appellant.

Paul J. Louisell, of Duluth, Minn. (John H. Louisell, of Duluth, Minn., and Spencer & Louisell, of Washington, D. C., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

This action was brought by the plaintiff (appellee) to recover damages for personal injuries allegedly caused by the negligence of the defendant (appellant). Juris-

---

[7] Barber v. Barber, 21 How. 582, 62 U. S. 582, 584, 16 L.Ed. 226.

[8] Barber v. Barber, 21 How. 582, 62 U.S. 582, 588–600, 16 L.Ed. 226.

diction was based on diversity of citizenship. The plaintiff's claim was that, while he was in defendant's hospital at Duluth, Minnesota, a porcelain faucet handle, in the bathroom which he used, broke in his hand, inflicting serious cuts; that the handle was defective and cracked; and that the defendant had actual or constructive knowledge of its defective condition. The defendant denied liability. The case was tried to a jury. A motion of the defendant for a directed verdict was denied. The jury returned a verdict for the plaintiff, upon which judgment was entered on May 6, 1948.

On May 11, 1948, the defendant filed a motion for an order setting aside the verdict and the judgment and granting the defendant either judgment or a new trial. The District Court on July 23, 1948, denied the defendant's motion. On August 21, 1948, the defendant appealed "from the Order of the District Court entered herein on July 23, 1948, denying the defendant's alternative motion for an order setting aside the verdict and the judgment entered thereon in the above entitled action, and entering a verdict for the defendant in accordance with its motion for a directed verdict made at the close of the evidence, or for an order setting aside the verdict and the judgment entered thereon and granting a new trial of said action." No appeal was taken from the judgment, which became final on July 23, 1948, when the District Court denied the defendant's motion to vacate the judgment. United States v. Muschany, 8 Cir., 156 F.2d 196, 197. The time within which to appeal from the judgment expired 30 days from July 23, 1948. The time to appeal "cannot be extended by consent, waiver, acquiescence or even by order of the court." Alexander v. Special School District of Booneville, 8 Cir., 132 F.2d 355, 358; Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1018. This Court is without jurisdiction to affirm or reverse a judgment which has become not only final but conclusive. Zuckerman v. McCulley, supra, page 1018 of 170 F.2d; United States v. Muschany, supra, page 197 of 156 F.2d.

The order of the District Court denying the defendant's motion to vacate the judgment and to enter a judgment for the defendant or to grant a new trial, was not an appealable order. The appeal from it was not an appeal, or the equivalent of an appeal, from the judgment, the validity of which the defendant challenges. United States v. Muschany, supra, page 197 of 156 F.2d.

While we regret our inability to deal with this case upon the merits, it is essential for this Court to stay within the limits of its statutory jurisdiction and to refrain from deciding cases and questions which it has no authority to decide. See Brown v. Thompson, 8 Cir., 150 F.2d 171, 173.

The appeal is dismissed for lack of jurisdiction.