CHICAGO, ST. P., M. & O. RY. CO. v.
PENDER DRAINAGE DISTRICT.

No. 14079.

United States Court of Appeals
Eighth Circuit.

July 13, 1950.

Rehearing Denied Sept. 29, 1950.

See also 7 F.R.D. 99.

R. D. Neely, Omaha, Neb., and Mr. Warren Newcome, St. Paul, Minn. (Wymer Dressler, Harry B. Otis, Omaha, Neb., and Robert G. Fuhrman, Pender, Neb., were with them on the brief), for appellant.

Robert R. Moodie, West Point, Neb., and Walter D. James, Lincoln, Neb., for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

The railway company brought this action as plaintiff against the Pender Drainage District as defendant to obtain (on count one) a money judgment for compensation claimed to be recoverable under the Nebraska Constitution for the alleged taking and damaging of plaintiff's right of way, roadbed and track by means of the District's drainage ditch, and (on count two) mandatory injunction to compel the District to re-route its ditch, and after trial on the merits to the court without a jury a judgment of dismissal as to both counts at plaintiff's costs was entered on September 3, 1949. The railroad company seeks in these proceedings to obtain review and reversal of the judgment of dismissal.

It appears from the record that after the judgment of dismissal had been entered and on September 10, 1949, the plaintiff filed in the cause its Motion for New Trial moving the court to set aside the judgment entered on September 3, 1949, and grant a new trial which motion was submitted to and considered by the court and was "denied and overruled" by order of the court bearing date of September 26, 1949. On October 25, 1949, the plaintiff filed its Notice of Appeal in words and figures as follows:

"Notice is hereby given that Chicago, St. Paul, Minneapolis and Omaha Railway Company, plaintiff above named, hereby appeals to the Circuit Court of Appeals of the Eighth Circuit from the order overruling plaintiff's motion for new trial in this action, on September 26, 1949."

No appeal was taken from the judgment which became final on Septem-

774

ber 26, 1949, when the court denied the motion to vacate it. The time within which to appeal from it expired thirty days from September 26, 1949, and we are presented on this appeal with the same situation which confronted this court in St. Luke's Hospital v. Melin, 8 Cir., 172 F.2d 532. That is to say the order of the district court which denied and overruled the plaintiff's "Motion for New Trial" was not an appealable order. "The appeal from it was not an appeal, or the equivalent of an appeal, from the judgment, the validity of which the defendant challenges."

We are bound in this case by the same reasons, statutes and decisions which controlled the court's action in St. Luke's Hospital v. Melin, supra, and must declare in this case as we did in that one that this court is without jurisdiction to affirm or reverse the judgment of dismissal of the district court which has become not only final but conclusive. The appeal is accordingly dismissed for lack of jurisdiction.