**CAVANAUGH et al. v. FIREMAN'S FUND INS. CO.**

No. 14543.

United States Court of Appeals
Eighth Circuit.

July 8, 1952.

Einar Viren, Omaha, Neb. (J. R. Swenson, Neal H. Hilmes, and Swenson, Viren

& Turner, Omaha, Neb., on the brief), for appellants.

John L. Barton, Omaha, Neb. (Thomas C. Quinlan, Raymond M. Crossman, Omaha, Neb., and David J. Kadyk, Chicago, Ill., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse a judgment of dismissal of the plaintiffs' action at their costs which was entered in conformity with the opinion of the District Court, reported at 99 F.Supp. 1001. That opinion discloses the issues that were tried and determined in the action and includes complete findings of fact and "Discussion" setting forth the court's conclusions and the reasons therefor.

The suit was for an accounting of allegedly large amounts claimed to be due plaintiffs upon a contract, evidenced by two writings, for commissions to be paid plaintiffs contingent on profits earned under the contract (which contract was admitted and relied on by defendant) and for judgment for the amount due (which plaintiffs estimated exceeded $40,000), with interest and costs.

It appears from consideration of the opinion and is shown by the record here that the only substantial controversy presented for decision in the trial of the case in the District Court was as to the meaning and intent of a provision of a formula of Credits and Debits which it was agreed was to be used for the computation of profits. By the terms of the contract the plaintiffs were to be paid each year for a term of five years 20 percent of the profits realized from business obtained under the contract in the year as computed according to the formula. The disputed provision of the formula was the first provision thereof appearing, 99 F.Supp. on page 1004, of the report of the opinion. It reads: " 'Credits. 1. 100% of the net (gross less returns) earned premiums of the year for which contingent commission is being calculated.' "

It was alleged in the amended complaint concerning this provision of the formula:

"Defendant has failed and refused to make any payment or payments to the Plaintiffs as provided by the contracts attached hereto but has insisted upon a formula for the calculation of payments which is contrary to the formula stated in the contracts. Defendant insists that unearned premium reserves should be subtracted from the gross premiums paid for any given year; and that the net profit for any year, against which the contingent commission of twenty percent (20%) is to be applied, is to be determined by subtracting the returned premiums and an unearned premium reserve as well as the itemized debits from the gross premiums paid for any year. Plaintiff maintains that the contracts do not provide for the setting up of an unearned premium reserve, and that Defendant's deduction of an unearned premium reserve is unauthorized by the contracts."

Under this allegation of their complaint the plaintiffs contended, as stated by the court, 99 F.Supp. on page 1008 of the report of its opinion "that the contingent commission was to be figured on the net premiums written", and 99 F.Supp. on page 1009, "they [the plaintiffs] stand upon the proposition that item one, on the credit side of the formula calls for the inclusion of the entire net premiums written during the year without any deduction for the unearned portion."

The same claim of the plaintiffs is reiterated in their brief here as follows: "The appellants took the view of the contract that the contingent commission was to be calculated on the net premiums written (gross premiums written less returns because of cancellations)".

The defendant pleaded, among other things, as follows:

"Defendant further alleges that in making the calculations and furnishing the statements to the said Cavanaugh Company, a partnership, it was required to take into consideration the unearned premiums on said insurance policies, some of which policies extended over a period of more than one year

and which premiums this defendant would be obligated to return to the policy holder in the event of the insured cancelling the said insurance, and, therefore, because of its obligations to refund any such premium, a reserve for unearned premiums was deducted as is shown in the statements referred to in Paragraphs X, and XI since it, and not The Cavanaugh Company, was obligated under the terms of the policies and the law to make refunds to the insured or insureds who had the right to request cancellations during any period of the life of said policies and said deduction for unearned premium is a proper and lawful method of insurance accounting and required in the insurance business in order to protect the right of the policyholder to his refund on any unexposed portion of the term of said policy."

The insurance company made its accounting to plaintiffs in each of the three years that had run from the execution of the contract to the trial, as shown, 99 F.Supp. on pages 1005, 1006, and 1007 of the report of the opinion, and in such accountings it credited to the plaintiffs under the above provision of the formula only 100% of the net earned premiums.

The conclusions of the trial court upon this controlling issue in the case are set forth, 99 F.Supp. at pages 1008 and 1009 of the report of the opinion. It appeared to the court that the formula in question "is a simple expression of the universal accounting practice of offsetting 'debits' against 'credits' for the purpose of ascertaining whether a gain or a loss has resulted"; that the formula as read in conjunction with the entire contract was not found to be "in any sense ambiguous" and that plaintiffs' contention that the computation was to be on net premiums *written* instead of net premiums *earned* was "obviously in conflict with the express provisions of the formula which requires the inclusion of only the net *earned* premiums of the year for which the computation is being made."

The court held that the plaintiffs had failed to show that the defendant had not properly accounted to them for each of the three years that had elapsed after the execution of the contract sued on. That "the evidence before the Court indicates that the statements, all three of them, forwarded by the defendant to plaintiffs, were properly prepared in accordance with the contract provisions." It sustained defendant's motion to dismiss, made at the conclusion of all the evidence, and the judgment of dismissal was entered.

■ (1) On this appeal the sustaining of that motion is assigned as error on which reversal is prayed, but the appellants have not pointed out any finding of fact or declaration of law in the opinion of the trial court which they claim to be contrary to the evidence or to statute or precedent. It is manifest that if the court were to construe the contract to mean as plaintiffs contended that they should have their percentage on "premiums written" instead of on "earned premiums", the result of the law suit would be different. But we find no error in the court's response to that contention: "To accept plaintiffs' position the Court would have to strike from the contract, or at least disregard, the term 'earned' which modifies the noun 'premiums'. This, the Court has no authority to do." We conclude that the findings and reasons of the trial court fully support its action in sustaining the defendant's motion to dismiss and none of the arguments to the contrary appear to merit discussion.

■ (2) Another point for reversal argued here is that the court erred in the exclusion of testimony. It sustained objections to questions put to the plaintiff Glenn Cavanaugh concerning conversations he said he had with defendant's officer. But the suit was on a written contract, the conversations were incompetent and plaintiffs made no offer to prove what the answers to the questions would show. The point is without merit. Fed.Rules Civ. Proc. rule 43(c), 28 U.S.C.A. Fed.Int. Credit Bank v. L'Herisson, 8 Cir., 33 F.2d 841, 843; Gantz v. United States, 8 Cir., 127 F.2d 498, 503; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96; Patton v. Lewis, 10 Cir., 146 F.2d 544.

■ The court also excluded letters which are in the record and are referred to in the trial court's opinion. They had no tendency to support any issue on the plaintiffs' part. Likewise, the exclusion of plaintiffs' worksheet tending to show what the defendant would have owed the plaintiffs on the basis of their theory of provision 1 of the formula which was rejected by the court was not erroneous.

■ (3) The other point for reversal urged here is that the court erred in overruling a motion filed by plaintiffs after judgment. The motion was for new trial and in that aspect of it the ruling denying it is not reviewable here. United States v. Muschany, 8 Cir., 156 F.2d 196; St. Luke's Hospital v. Melin, 172 F.2d 532; Chicago St. P. M. &. O. Ry. Co. v. Pender Drainage Dist., 8 Cir., 183 F.2d 773.

In the alternative the motion was that the court alter or amend its judgment in material respects and that it vacate and set aside the judgment to permit the plaintiffs to introduce evidence. No claim of newly discovered evidence was made in support of the motion, but on this appeal it is explained that the accounting relief for which plaintiffs had prayed in their complaint was "of an interim nature" and that the judgment ought to be worded "so as to permit further action by either party at the time it is possible to finally resolve the issues". The motion was apparently intended to obtain a rewording of the judgment to leave more matters open for determination at the end of the contract term of five years.

But the ruling on the motion made after judgment presents nothing for review here. The insurance company is required under its contract to account to and pay the plaintiffs annually during the life of the contract. This action was to compel such accountings and payments. The judgment holding that the accountings had been properly made and that nothing was due the plaintiffs was responsive to the pleadings and the proof and was without error.

We find no error in the proceedings and the judgment is affirmed.