RAILWAY EXPRESS AGENCY, Inc., a corporation, Appellant,

v.

Leverett Ray EPPERSON, Appellee.

No. 15632.

United States Court of Appeals Eighth Circuit.

Jan. 18, 1957.

W. H. Bates, Kansas City, Mo. (Lathrop, Righter, Blackwell & Parker and Sam D. Parker, Kansas City, Mo., were with him on the brief), for appellant.

Lucian Lane, Kansas City, Mo. (W. F. Woodruff, Woodruff & Lane, Kansas City, Mo., William H. Enfield, and Little & Enfield, Bentonville, Ark., were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The defendant (appellant) in this personal injury action, which was tried to a jury, seeks a review and reversal of a judgment in favor of the plaintiff (appellee). As grounds for reversal, the defendant asserts that the District Court erred in denying a motion for a directed verdict in favor of the defendant; in rulings on evidence; in denying a motion for a mistrial on account of improper argument; and in its instructions. The defendant also argues that the verdict is excessive.

The plaintiff has moved to dismiss the appeal upon the ground that this Court is without jurisdiction, the notice of appeal being fatally defective. The defendant has moved to amend its notice of appeal.

The questions raised by the motion to dismiss and on the merits have been briefed and argued. It is necessary first to determine whether this Court has jurisdiction of the appeal.

The jury on May 10, 1956, returned a verdict against the defendant for $37,500, and judgment was entered on that day. The defendant on May 19, 1956, filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The motion for judgment was denied on June 9, but the motion for a new trial was granted unless the plaintiff should file a remittitur of $7,500 of the judgment. The plaintiff on June 15 filed a remittitur "so that said judgment after such remittitur shall be in favor of the plaintiff * * * in the sum of $30,000.00." The defend-

ant on July 7 filed a notice of appeal "from the order overruling defendant's Motion for Judgment or in the Alternative for New Trial, conditioned upon the filing of remittitur by Plaintiff, said order entered in this action on June 9, 1956, and remittitur in compliance therewith having been filed June 15, 1956."

The defendant on July 7, the same day that the notice of appeal was filed, made a motion for a stay of enforcement of the judgment pending appeal, upon the giving of a supersedeas bond. The court entered an order on July 7, staying the enforcement of "the judgment entered herein on the 15th day of June, 1956, * * * pending the determination of defendant's appeal from such judgment, upon the filing by defendant and approval by this Court of a bond in the sum of Thirty-five Thousand ($35,000) Dollars." The supersedeas bond was furnished on July 7. It contained the following language:

"Whereas on June 15, 1956, in an action pending in the United States District Court for the Western District of Missouri, Western Division, between Leverett Ray Epperson as plaintiff and Railway Express Agency, Inc., as defendant, a judgment was rendered against the said Railway Express Agency, Inc., and the said Railway Express Agency, Inc., having filed a notice of appeal from such judgment to the United States Circuit Court of Appeals for the Eighth Circuit;

"Now, the condition of this obligation is such, that if the said Railway Express Agency, Inc., shall prosecute its appeal to effect and shall satisfy the judgment in full together with costs, interest and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, or shall satisfy in full such modification of the judgment and such costs, interest and damages as the said Circuit Court of Appeals may adjudge and award, then this obligation to be

192

void; otherwise to remain in full force and effect."

Copies of the notice of appeal, the motion for supersedeas, the order granting it, and the bond were received by counsel for the plaintiff on July 7.

■ It is true, as the plaintiff points out, that this Court has thus far consistently ruled that an order denying a motion for judgment notwithstanding a verdict or in the alternative for a new trial, or any similar motion the purpose of which is to obtain the vacation or modification of a judgment, or a new trial or a rehearing, is not appealable and that an appeal from such an order is not an appeal from the judgment complained of nor the equivalent of such an appeal. See United States v. Muschany, 8 Cir., 156 F.2d 196, 197; St. Luke's Hospital v. Melin, 8 Cir., 172 F.2d 532; Chicago, St. P. M. & O. R. Co. v. Pender Drainage District, 8 Cir., 183 F.2d 773; Payne v. Koehler, 8 Cir., 225 F.2d 103, certiorari denied 350 U.S. 904, 76 S.Ct. 183, rehearing denied 350 U.S. 955, 76 S.Ct. 341.

■ It has seemed to us not unreasonable to require not only that an appeal be taken within the time fixed by Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., but that "The notice of appeal * * * shall designate the judgment or part thereof appealed from * * *," as provided by Rule 73(b). We gather, however that a failure to designate in the notice of appeal the judgment complained of is not a fatal defect if the intent of the appellant to appeal from the judgment may be inferred from the text of the notice and if the appellee has not been misled by the defect. This seems to be the inference to be drawn from the reversal, without opinion, by the Supreme Court, 350 U.S. 944, 76 S.Ct. 321, of the decision of the Court of Appeals for the Ninth Circuit in State Farm Mutual Automobile Ins. Co. v. Palmer, 225 F.2d 876, dismissing an action for want of jurisdiction because of a defective notice of appeal. In that case the Court of Appeals for the Ninth Circuit pointed out that the notice stated that the appeal was taken from an order denying a motion for a new trial and to amend findings, but said: "The intention to ask review of the judgment might be inferred from the text of the notice." Page 877 of 225 F.2d.

In the instant case the intention of the appellant to ask for a review and reversal of the judgment which became final on June 15, when the remittitur was filed, reasonably can be deduced from the text of the notice of appeal referring to the remittitur filed on June 15. Moreover, the intention of the defendant to challenge the judgment was made certain by the motion for supersedeas, the order for supersedeas and the supersedeas bond, which were all filed and served contemporaneously with the notice of appeal.

The motion of the defendant to amend its notice of appeal is denied as untimely and unnecessary. The motion of the plaintiff to dismiss the appeal is also denied.

The accident out of which this action arose occurred at the Union Station in Kansas City, Missouri, about 9:30 P.M. on June 5, 1954. The plaintiff, an employee of the Kansas City Terminal Railway Company, with several more of its employees, was unloading mail from a Santa Fe train into a wagon of the Terminal Railway Company located on the station platform, adjacent to the mail car. The plaintiff was standing on the wagon, handling mail sacks passed to him by his co-workers from inside the car. He was stacking the sacks at the end of the wagon. While engaged in this work, some part of the wagon was struck by some part of a drag or train of wagons belonging to the defendant and being pulled westerly along the station platform by one of the defendant's tractors, such a tractor as was customarily used by the defendant in conducting its business at the station. The impact of the collision drove the wagon on which the plaintiff was standing violently toward the west, and he

was thrown down and injured. The driver, whose careless operation of the defendant's tractor and train of wagons caused the accident, did not stop and was not identified by the plaintiff or any of his co-workers. They did, however, identify the tractor and train of wagons as belonging to the defendant.

■ The issues under the pleadings were those usual in such cases, namely, liability and damages. The defendant contends that the plaintiff did not make a case for the jury on the issue of liability and that the court should have directed a verdict. That question, however was not properly preserved for review.

The defendant at the close of the evidence made a motion for a directed verdict "for the following reasons: 1. Plaintiff has failed to prove, by substantial evidence, a claim or cause of action upon which relief can be granted against Defendant. 2. Plaintiff has failed to prove, by substantial evidence, any actionable negligence against the defendant."

Rule 50(a) of the Federal Rules of Civil Procedure provides: "A motion for a directed verdict shall state the specific grounds therefor." This provision was declaratory of what had long been the law. See Mansfield Hardwood Lumber Co. v. Horton, 8 Cir., 32 F.2d 851, 852–853; Ayers v. United States, 8 Cir., 58 F.2d 607, 608–609. There was nothing specific about the grounds stated by defendant's counsel in his motion for a directed verdict. It is apparent, however, that the trial judge knew what counsel was driving at. So once again we shall accept intent for performance.

■ The defendant's argument was that the evidence was insufficient to justify a finding that the driver of the defendant's tractor, who caused the accident, was an employee of the defendant, acting within the scope of his employment. There was abundant evidence that the tractor and drag belonged to the defendant and was used in the conduct of its business in the Kansas City

Union Station. There was also evidence from which the jury reasonably could infer that the tractors of the defendant were driven by no one other than its own employees. The likelihood that some interloper had, at the time of the accident, taken possession of the defendant's tractor and equipment for some purpose of his own was, under the evidence, one of those highly improbable possibilities not worthy of serious consideration. It must be kept in mind that, in reviewing the adequacy of the evidence to sustain the verdict for the plaintiff, he is entitled to the benefit of every reasonable inference which can be drawn from the evidence, viewed in the aspect most favorable to him. See Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 442; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 439.

■ The question of negligence is usually for the jury. It is only where the evidence is so one-sided that all reasonable men must draw the same conclusion from it that the question becomes one of law for the court; and where inconsistent inferences reasonably may be drawn from the evidence, it is for the jury, and not the court, to determine which inference shall be drawn. Coca Cola Bottling Co. of Black Hills v. Hubbard, 8 Cir., 203 F.2d 859, 860.

The trial court committed no error in denying the defendant's motion for a directed verdict.

■ Two of plaintiff's witnesses, Imler and Scarcello, who were working with him at the time of the accident, testified in detail as to what occurred. As a part of their direct examination, there was introduced, over objection, the written reports which they had made to the Kansas City Terminal Railway Company about the accident, shortly after it happened. The defendant asserts that the admission of these reports was reversible error. The reports differed in no substantial respect from the testimony of these witnesses at the trial. The reports were, we think, probably not ad-

**194**

missible, Affronti v. United States, 8 Cir., 145 F.2d 3, 7–8; Ryan v. United Parcel Service, 2 Cir., 205 F.2d 262; United States v. Grunewald, 2 Cir., 233 F.2d 556, 566, but what of it. The defendant who has the burden of demonstrating prejudice, as well as error, Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645, has failed to show that it was hurt by the statements. See Rule 61 of the Federal Rules of Civil Procedure; Valley Shoe Corporation v. Stout, 8 Cir., 98 F.2d 514, 520; Thorp v. American Aviation and General Insurance Co., 3 Cir., 212 F.2d 821, 827.

■ There is no merit in the defendant's assertion that it was error for the court to admit in evidence, as a part of the cross-examination of the defendant's tractor-drivers (each of whom denied having driven the tractor involved in the accident), statements taken from them by the defendant during its investigation of the accident. The defendant argues that, since the statements were not inconsistent with the testimony given by the drivers at the trial, admission of the statements was erroneous and prejudicial. The statements, however, did have some bearing upon the credibility of the drivers, for each of the reports contained the words, "If I had had such a collision I would have felt the impact and would have stopped and investigated." Each of the drivers who testified stated that those were his own words and were not suggested to him by the representative of the defendant investigating the accident. This, no doubt, imposed a strain upon the credulity of the jury. But, aside from the fact that the statements were not completely immaterial, the scope and content of cross-examination is largely within the discretion of the trial judge. Thorp v. American Aviation and General Insurance Co., supra, 3 Cir., 212 F.2d 821, 827; United States v. Manton, 2 Cir., 107 F.2d 834, 845. There was no abuse of discretion in admitting in evidence the statements of defendant's drivers.

■ The plaintiff called Charles A. Rucker, Chief Clerk and Accountant to the Auditor of the Kansas City Terminal Railway Company, as a witness. He first testified as to the plaintiff's earnings. He was then asked whether his records showed other payments to the plaintiff after June 5, 1954. He said that on August 9, 1954, $200.00 was advanced to the plaintiff by the Kansas City Terminal Railway Company, and on August 27 another $200.00 was advanced. Rucker was then asked, "At whose instance and request was that second $200.00 advanced to Mr. Epperson?" A long discussion followed between court and counsel, in chambers and out of the hearing of the jury, relative to the admissibility of certain documents the plaintiff intended to offer in evidence on the issue of liability. The first of these was a letter of August 16, 1954, to the Kansas City Terminal Railway Company from the defendant, Railway Express Agency, marked as "Exhibit 27," reading as follows:

> "Railway Express Agency
> Incorporated
> "Kansas City—Western Missouri Div.
> "Express Annex
> "Union Station
> "Kansas City 8, Missouri.

"R. L. Linihan,
"Superintendent.
"August 16, 1954.
"Mr. J. E. Nicklin
"Claim Agent
"Kansas City Terminal Railway Company
Kansas City, Missouri

"Dear Sir:

"Personal Injury—L. R. Epperson, Non-employee, Mail Handler, K. C. Terminal Ry. Co., Union Station Platform, Track 28 East, Kansas City, Mo., June 5, 1954, 9:30 pm, Alleged Back and Head Injuries, right side.

"This is to advise that Railway Express Agency, Inc. will accept liability in the alleged personal injury

described above and will make full settlement with L. R. Epperson.

"It is requested that at this time, in an effort to facilitate matters, the Kansas City Terminal Railway Company make an additional advanced payment to Mr. Epperson in the amount of $200.00 which will bring the total advanced payment to date to $400.00.

"The Railway Express Agency will reimburse the Kansas City Terminal Railway Company for the total amount advanced and your cooperation in this matter is greatly appreciated.

"Yours truly,
"/s/ R. L. Linihan,
"Superintendent.
"(handwritten) per
D. W. Stobbelaar c/c"

The second document was a bill of December 1, 1955, of the Kansas City Terminal Railway Company against the defendant, reading as follows:

"Bill No. 147

"(Quote when remitting)
"Railway Express Agency, Inc.
"Union Station
"Kansas City, Missouri.
"Month's Account
November, 1955
"Date Made
December 1, 1955.
"To Kansas City Terminal Railway Company, Dr.
"(Remit to Treasurer, Union Station, Kansas City 8, Missouri)
"For expense incurred to date on account of personal injuries sustained by L. R. Epperson at Union Station June 5, 1954. Authority your Mr. Johnson's telephone conversation with our Claim Agent Mr. J. E. Nicklin, November 23, 1955. $469.60
"    *    *    *    *    *"

"Correct
"/s/ J. E. Nicklin
"    *    *    *"

The third document was a statement reading:

"Kansas City Terminal
Railway Company
"Audit Office

"Detailed statement in support of Audit Bill No. 147 for November, 1955, as follows:"

Here followed an itemized statement of expenditures between July 19, 1954, and August 27, 1954, to the plaintiff or on his behalf, totalling $469.60.

The fourth document was another statement relative to Bill No. 147, which, so far as pertinent, reads:

"Kansas City Terminal
Railway Company
"Memorandum for Audit Bill
"(Handwritten)             No. 147
"Versus Railway Express
Month November 1955

"For expense incurred to date on account of personal injuries sustained by L. R. Epperson at Union Station 6–5–54. Authority your Mr. Johnson's phone conversation with our claim agent Mr. J. E. Nicklin, 11–23–55.
"Description          Amount
469.60"

The Bill No. 147 was marked as "Exhibit 26–A"; the detailed statement in support was marked "Exhibit 26–B"; and the Memorandum for Audit Bill was marked "Exhibit 26–C." We shall refer to them as "Exhibit 26."

The District Court was faced with having to rule upon the admissibility of the letter "Exhibit 27" and the admissibility of Bill No. 147 and supporting statements, "Exhibit 26."

The position of counsel for the plaintiff was, in substance, that the letter of the defendant "Exhibit 27" was inconsistent with the defendant's assertion of nonliability and was an admission against interest. He said, during his colloquy with the court: "Of course, in addition to the letter I want to offer

everything from this file [apparently Exhibit 26] that has now been produced which also has a bearing upon the admissions by the defendant here of the ownership and operation of the agency which caused the injury." The objection made by the defendant to the admission of Exhibit 27, the letter, in evidence was, in effect, that it was a legal conclusion, prejudicial and without probative value.

The court, at the discussion in chambers, decided to sustain the objections to the letter "Exhibit 27," but told counsel for the plaintiff that he would admit in evidence "the documents that show payment of money to or for the benefit of the Plaintiff and by whom paid." The following colloquy then took place between the court and counsel for the plaintiff:

"Mr. Lane: Well, of course to admit the fact that payment of $200.00 was made to Mr. Epperson, if it is admitted only for the purpose of showing it was advanced to him by the Kansas City Terminal Company, does not show the fact that we are desiring to show at all.

"The Court: Well, we are going to show that—oh, it has not been reimbursed?

"Mr. Lane: It has not yet been reimbursed. It had been billed. The Kansas City Terminal——

"The Court: (Interrupting) I will let you show the bill.

"Mr. Lane: All right."

The court admitted "Exhibit 26" over the objection that it was hearsay and contained hearsay evidence which was not an admission against interest or otherwise admissible. The court adhered to its conclusion that the letter "Exhibit 27" was inadmissible. Mr. Rucker, on cross-examination, testified that the bill "Exhibit 26" had never been paid and that the defendant had not been re-billed.

We think that the plaintiff's contention at the trial that the letter "Exhibit 27" was competent evidence on the issue of liability because of its inconsistency with the defendant's claim of nonliability, was correct. The letter was not a conclusion of law. Inferentially it was an admission against interest, comparable to the payments made by an insurer to an insured after an accident. See London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 336–337.

■ It is true that, because of the exclusion of "Exhibit 27," there was no competent evidence that the defendant had paid or agreed to pay the bill of the Kansas City Terminal Railway Company, "Exhibit 26." It is also true that the plaintiff was not interested in trying to show that the Railway Company had advanced money to him in the hope or expectation of being reimbursed by the defendant. However, had the court received in evidence "Exhibit 27," as it should have done, the admission of "Exhibit 26," which in and of itself was not competent as an admission by the defendant against interest, would not, in our opinion, have been error. The reception in evidence of "Exhibit 26" after the court's erroneous exclusion of "Exhibit 27" certainly put the defendant in no worse position than it would have been in had "Exhibit 27," alone or with "Exhibit 26," been received. Our conclusion is that, as a practical matter, the erroneous rulings of the trial court with respect to these exhibits did not constitute prejudicial error entitling the defendant to a new trial.

■ The defendant's remaining complaints about the trial, we think, merit no discussion other than to say that this Court does not concern itself with the alleged excessiveness of verdicts in tort cases such as this. See Glendenning Motorways, Inc., v. Anderson, 8 Cir., 213 F.2d 432, 437; National Alfalfa Dehydrating & Milling Co. v. Sorensen, 8 Cir., 220 F.2d 858, 861; St. Louis Southwestern Ry. Co. v. Ferguson, 8 Cir., 182 F.2d 949, 954–956. "This Court has consistently adhered to the proposition that the responsibility for keeping jury awards

within reasonable bounds is essentially that of the trial courts and not of this Court." Zimmerman v. Mathews Trucking Corp., 8 Cir., 203 F.2d 864, 868.

The judgment appealed from is affirmed.