## LUCAS & HUSSEY LOOSE–LEAF TOBACCO WAREHOUSE, INC., Appellant,

v.

## J. Coakley HOWELL, Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1959.

George B. Ryan, Louisville, for appellant.

Robert Hubbard, Louisville, for appellee.

SIMS, Judge.

In this opinion the parties will be referred to as they appeared in the trial court. Plaintiff, J. Coakley Howell, sued defendant, Lucas & Hussey Loose-Leaf Tobacco Warehouse, for salary in the sum of $600 and for commissions of $150 on tobacco he solicited growers to sell over defendant's floor. The answer was a denial and by an amendment defendant in a counter-claim asked judgment against plaintiff for $4141.53, alleged to be plaintiff's part of a loss incurred on tobacco plaintiff and defendant bought jointly during the 1953–54 season.

The case was tried before a jury which returned a verdict in plaintiff's favor for $750 and found against defendant on its counter-claim. This appeal is by defendant from a judgment entered on the verdict. The sole ground argued for reversal is that the court erred in overruling defendant's motion for a directed verdict.

It is insisted by plaintiff that as defendant did not state any grounds in its motions made for a directed verdict at the completion of plaintiff's evidence nor at the conclusion of defendant's evidence, it cannot raise on this appeal any error the court may have made in overruling such motions, citing CR 50.01. The last sentence of this section reads: "A motion for a directed verdict shall state the specific grounds therefor." It is stated in Clay, CR 50.01, comment 2, page 444: "The Rule expressly provides that the specific grounds of a motion for a directed verdict shall be stated. This requirement is important to the court in considering the merits of such a motion. It also may be of significance in the event of a motion for judgment notwithstanding the verdict under Rule 50.02, since such motion is based upon error of the court in failing to direct a verdict. * * "

In Whitesides v. Reed, Ky., 306 S.W.2d 249, on page 250, it is written "Not knowing what grounds were stated, we can not determine whether the trial court erred in its ruling. When the motion has been overruled, it is mandatory that the grounds appear in the record on appeal. (Citing authorities.)"

Defendant's motions for a directed verdict appear both in the clerk's transcript and in the court reporter's transcript of the evidence, but in neither place is there

shown any grounds for either of the motions set out, therefore there is nothing left for us to do but affirm the judgment.

The judgment is affirmed.