**GULF OIL CORPORATION, Appellant,**

v.

**Edmond VANCE, Appellee.**

Court of Appeals of Kentucky.

May 10, 1968.

Rehearing Denied Oct. 18, 1968.

William G. Craig, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellee.

MONTGOMERY, Judge.

Edmond Vance recovered judgment in the sum of $8,606.46 against Gulf Oil Corporation as damages for injuries sustained when an underground gasoline tank exploded. Gulf appeals and urges that the evidence is insufficient to sustain the verdict or to prove wantonness.

Vance contends that on appeal Gulf cannot rely upon the trial court's refusal to grant its motions for a directed verdict because Gulf did not comply with CR 50.01, in that the motions failed to state specifically any ground therefor. The motions were made at the close of the plaintiff's testimony and at the close of all of the testimony. The trial orders merely recite that such motions were made and overruled.

The contributory negligence of the plaintiff, the absence of negligence on the part of the defendant, or the absence of wantonness on the part of the latter may have been urged as a ground or grounds of the motions. Additionally, there was an issue concerning a provision of the lease. The record does not disclose whether one or all of these grounds were urged as the proper basis for sustaining the motion for a directed verdict.

CR 50.01, in part, provides: "A motion for a directed verdict shall state the specific grounds therefor."

Comment 3, Clay, CR 50.01, is especially pertinent:

"The Rule expressly provides that the specific grounds of a motion for a directed verdict shall be stated. This requirement is important to the court in considering the merits of such a motion. It also may be of significance in the event of a motion for judgment notwithstanding the verdict under Rule 50.-02, since such motion is based upon error of the court in failing to direct a verdict. While the motion and grounds may be written, they may be presented orally as was the former Kentucky practice. A record of the motion and grounds, however, should be made."

The purpose of the rule is to apprise fairly the trial judge as to the movant's position and also to afford opposing counsel an opportunity to argue each ground before the judge makes his ruling. The attention of the trial judge can thus be focused on possible reversible errors which might otherwise be obscure with only a general motion for a directed verdict. Carr v. Kentucky Utilities Company, Ky., 301 S.W.2d 894. In Whitesides v. Reed, Ky., 306 S.W.2d 249, it was written:

"Not knowing what grounds were stated, we can not determine whether the trial court erred in its ruling. When the motion has been overruled, it is mandatory that the grounds appear in the record on appeal."

This rule was quoted with approval in Lucas & Hussey Loose-Leaf Tobacco Warehouse, Inc. v. Howell, Ky., 320 S.W.2d 613. See also Scott v. McLean County Board of Education, Ky., 357 S.W.2d 312.

Gulf relies on Lewis v. Nelson, 8 Cir., 277 F.2d 207; Railway Express Agency v. Epperson, 8 Cir., 240 F.2d 189; and Dowell, Inc. v. Jowers, 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442, cert. denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759. In each of those cases counsel had pointed out the insufficiency of the evidence, and

it appeared in the record, although poorly stated. In the record under consideration, there is nothing to show the insufficiency pointed out to the trial court. The necessity of following the Rules of Civil Procedure has been pointed out in City of Louisville v. Christian Business Women's Club, Inc., Ky., 306 S.W.2d 274, and United Mine Workers of America, District No. 23 v. Morris, Ky., 307 S.W.2d 763. The necessity of maintaining an orderly administration of justice by following such rules is justified despite the harsh results that may occasionally obtain.

█ The record does not show any grounds for either of the motions made; therefore, there is nothing to do but affirm the judgment.

Judgment affirmed.

All concur.