H. L. DAWES AND R. F. GRIGGS, *Plaintiffs in Error*, v. T. G. ROBINSON, *Defendant in Error*.

Division B.

Opinion Filed January 23, 1926.

*Sparkman and Knight*, Attorneys for Plaintiffs in Error;

*Edwin H. Cassels and R. E. L. Chancey*, Attorneys for Defendant in Error.

TERRELL, J.—On or about the 24th day of January, 1922, T. G. Robinson, the defendant in error, was run over by a Packard Automobile on the public highway near Plant City, Florida. As a result of the accident he was badly bruised, received a severe cut on the head and neck and his Ford car in which he was riding was demolished. He brought action against R. F. Griggs, Roscoe Beech and H. L. Dawes alleging damages in the sum of twenty-five hundred dollars ($2500.00).

The first count of the declaration which is the only one with which we are concerned here, in substance alleges that the Packard car in question was at the time owned by Roscoe Beech and was hired to and under the immediate control of H. L. Dawes, who was being driven from Tampa to Plant City, Florida, by R. F. Griggs as chauffeur, who was the agent of both Beech and Dawes, and being then and thereby duly bound to have complete control of said Packard automobile as such chauffeur did recklessly, negligently and carelessly allow and cause said automobile to collide with the automobile then in possession of the plaintiff and thereby did damage, injure and disfigure the plaintiff and cause him without any fault on his part to pay out large sums for physicians' hire and to lose two and one-half weeks from his work as vegetable broker at a loss to him of three hundred twelve dollars and fifty cents ($312.50) besides causing him great mental anguish, physical suffering and disfiguring him for life, cutting a deep cut on the back of his neck, which has left an ugly and permanent scar on him, the said plaintiff.

To this declaration Dawes entered a plea of the general issue, and a second plea to the effect that defendant Dawes was riding in the automobile which collided with the plaintiff Robinson as a passenger for hire and that the injuries alleged to have been sustained by the plaintiff were not

caused by the recklessness, negligence, carelessness or fault either directly or indirectly of the defendant Dawes, nor was said alleged injuries due to the recklessness, negligence, carelessness or fault of Dawes and defendants Beech and Griggs jointly, and that Dawes at the time and place mentioned did not either directly or indirectly drive said automobile.

The cause went to trial on these pleas to the declaration, and at the conclusion of the plaintiff's testimony defendant Dawes made his motion for an instructed verdict as authorized by Section 2696, Revised General Statutes of Florida, 1920, but which was denied. At the conclusion of all the testimony, all three defendants made their motion for an instructed verdict, which said motions were denied, and the jury returned its verdict in favor of the plaintiff against the defendants Dawes and Griggs in the sum of twenty-five hundred dollars ($2500.00). Motion for new trial was regularly made and denied. Final judgment was entered, and writ of error taken to this court. Summons and severance was granted here, so the case is before us with Dawes as the sole plaintiff in error.

The order of the trial court overruling the motion of the defendant Dawes for a new trial is in part as follows:

"The court being concerned mainly as to the sixth ground of said motion, assigning as error the overruling of the motion made by said defendant, H. L. Dawes, after all the evidence had been submitted on behalf of the plaintiff to instruct or direct the jury to find a verdict for the said defendant, the court is at this time of the opinion that said motion should have been granted when made; the court will, however, on the authority of Atlas Dredging Co. v. Mitchell, 77 So. 542; 152 Union Pacific Ry. Co. v. Daniels, 152 U. S. 684,

14 Sup. Ct. 756, 38 L. Ed. 597, deny said ground of said motion, and also deny each and every ground of said motion; it is therefore and upon consideration thereof Ordered, Adjudged and Decreed that said motion for a new trial be and the same is hereby overruled and denied as to all grounds specified therein, and particularly as to the sixth ground of said motion for the reasons herein above stated.''

The rule announced in Union Pac. Ry. Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. Rep. 756, *supra,* is that when a defendant, after the close of plaintiff's evidence, moves to dismiss, and, the motion being denied, excepts thereto, and then proceeds with his case, and puts in evidence on his part, he thereby waives the exception, and the overruling of the motion to dismiss cannot be assigned for error. In Atlas Dredging Co. v. Mitchell, *supra,* it was contended that the rule announced by the Federal Court in Union Pacific Ry. Co. v. Daniels was applicable here, but in that case this court declined to decide that question on good grounds stated in the opinion.

We do not think the rule so announced in Union Pacific Ry. Co. v. Daniels is applicable in this jurisdiction because our statute (Sec. 2686, Rev. Gen. Stats. of Fla.) provides that an instructed verdict may be given either at the close of plaintiff's testimony or at the close of all the testimony, and we think it may be given on the court's own motion, or on motion of counsel. In the case at bar it does not appear that Dawes offered any testimony after making his motion at the close of plaintiff's testimony, so if the Federal rule was applicable here he would not be affected by it.

We have examined the whole record carefully and we think the motion for an instructed verdict should have been granted as to defendant Dawes at the conclusion of

plaintiff's testimony, and certainly upon the showing made it should have been granted at the conclusion of all the testimony. The testimony nowhere supports the charge of recklessness, negligence or carelessness on the part of Dawes or that Dawes was in immediate control of the car causing the injury to plaintiff, and these were the material allegations relied on for recovery.

For reasons thus announced, and the further fact that the testimony is at variance with or fails to meet the allegations of the declaration, the judgment below is reversed. Starling v. City of Gainesville, decided last term.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

BROWN, C. J., AND STRUM, J., concur in the Opinion.