## COMBS v. UNITED STATES.
### No. 9515.

Circuit Court of Appeals, Eighth Circuit.

June 15, 1933.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley and Goldman & Daley, all of Kansas City, Mo., on the brief), for appellant.

Vergil E. Willis, Chief Atty., Veterans' Administration, of Kansas City, Mo. (William L. Vandeventer, U. S. Atty., Claude E. Curtis, Asst. U. S. Atty., and George S. Robinson, all of Kansas City, Mo., on the brief), for the United States.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment entered upon the verdict of a jury in favor of the government in the trial of an action to recover upon a policy of war risk insurance. The appellant, who was the insured, was in the army from December, 1917, until March 8, 1919, when he was discharged. His discharge papers and his own declaration in connection therewith stated that he was then suffering from no wounds or disease. He paid no premiums after his discharge, and his insurance, by its terms, lapsed on March 31, 1919. He subsequently demanded the benefits of his policy on the ground that he was totally and permanently disabled by reason of pulmonary tuberculosis while his policy was still in force. His claim was rejected by the government, and he brought this action. The government denied that his policy had ever matured. The case was tried to a jury. The appellant made no motion for a directed verdict. He now contends that the verdict of the jury was not justified by the evidence.

In actions at law this court is merely a court of error. It does not retry lawsuits. The verdict of the jury settled all issues of fact. In the absence of a motion for a directed verdict, this court cannot review the sufficiency of the evidence, and the assignments of error with reference thereto are clearly bad. Ayers v. United States (C. C. A. 8) 58 F.(2d) 607, 608.

The appellant complains of the admission of evidence to the effect that his mother had tuberculosis while he was living with her after his return from the army, that she subsequently died of that disease, and that other members of his family were or may have been tubercular. He also complains of the introduction of evidence as to his ratings for compensation and as to the amounts he has received from the government as compensation. His assignments of error with respect

788

to the admission of the evidence complained of do not comply with Rule 11 of this court, which requires that the full substance of the evidence admitted or rejected be quoted, and they do not therefore properly present the questions which we are asked to determine.

This court, however, since it prefers to dispose of appeals upon their merits rather than on account of the failure of counsel to observe its rules, has frequently, in the absence of objection, disregarded this rule where the interests of justice seemed to require it.

■ We have considered the question of the admissibility of the evidence relating to the existence of tuberculosis among the members of the appellant's family. We think the admission of such evidence was not error. It does not appear that it was conclusively established that the appellant was tubercular when he was discharged. There was competent evidence to the contrary. The evidence introduced by the government tended to establish its contention that the appellant was a sound man when he left the army, but was shortly thereafter exposed to tuberculosis in his own home, and that it was at least as probable that he acquired the disease after his discharge and the lapse of his insurance as that he acquired it prior thereto. Furthermore, the record does not show that evidence relating to the condition of any of the members of the appellant's family except his mother was objected to.

We do not feel justified in considering the question of the admissibility of the evidence relating to compensation. While the bill of exceptions indicates that such evidence was at first objected to on the ground that compensation was not an issue in the case, and that an exception was reserved, the appellee asserts that at a later point in the same examination upon the same subject the following proceedings occurred, which are not shown by the bill of exceptions:

"Mr. Daley: I want to object to all these references to compensation, and ask it be stricken out unless the defendant is attempting to show by these amounts that it is because of receiving that amount he did not follow any gainful occupation during that time. If it is for any other purpose, I want to object to it.

"The Court: Is that the purpose of it, Mr. Willis?

"Mr. Willis: That is the purpose of it, if the court please.

"The Court: It is received only for that purpose. Otherwise it would not be competent at all."

■■ Assuming, without deciding, that the grounds of the objection which was originally made to the introduction of any evidence relating to compensation were sufficient, which seems very doubtful, it is reasonably clear that the appellant withdrew his objection to the evidence on that subject remaining in the record for the only purpose for which it was received by the court, if the appellee's statement of what actually took place upon the trial is correct. The appellant does not deny that it did take place, but calls attention to the fact that we cannot consider it, since it was not included in the bill of exceptions. One of the purposes of Rule 11 of this court is to make certain that, when an appeal is allowed, the lower court shall be fully advised as to what errors it is claimed were committed in the reception or rejection of evidence upon the trial, so that that court will be enabled to see that the record presented to this court shall accurately show the evidence referred to in the assignments, the objections, exceptions, and statements of counsel with reference thereto, and all rulings of the court. Since the appellant failed to comply with the rule, and since the bill of exceptions apparently does not contain matters essential to a determination of the question whether error was actually committed by the court in receiving the evidence complained of, we must decline to consider the question. Where it is doubtful whether error has in fact been committed in the court below, although error be made to appear in the record, this court will not reverse for such apparent error unless compelled to do so by a meticulous compliance with its rules.

The judgment is affirmed.