**BOSTON INS. CO. v. FISHER et al.**

No. 14171.

United States Court of Appeals
Eighth Circuit.

Dec. 29, 1950.

Rehearing Denied Jan. 25, 1951.

Jack O. Knehans, Cape Girardeau, Mo., for appellant.

Everett Reeves, Caruthersville, Mo. (James M. Reeves, Caruthersville, Mo., on the brief), for appellees.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for $19,000 and interest in favor of the plaintiffs (appellees) entered upon the verdict of a jury in an action on an insurance contract covering cotton gin machinery against certain risks, including loss by fire.

In substance, the claim of the plaintiffs was that an agent of the defendant (appellant), authorized to issue policies of fire insurance for it, entered into a contract of insurance covering to the extent of $19,000 against loss by fire the machinery in a cotton gin belonging to the plaintiff R. L. Fisher, at Marston, Missouri (in which machinery each of the plaintiffs had an in-

surable interest); that, while the contract was in the form of a certificate issued under a Master Policy which provided for insurance of the retained interest of the plaintiff Gullett Gin Company in cotton gin machinery sold by it "on deferred payments or conditional sales agreements" and the interests of the owner "when such interests are requested to be covered," the certificate was applied for and was intended and understood to cover all of the cotton gin machinery of R. L. Fisher in his gin at Marston, Missouri;[1] that the defendant charged and collected a premium of $741.00 from R. L. Fisher and the plaintiff Lake County Oil Mill, based upon a policy liability of $19,000; that the defendant has retained the premium; that, at the time the certificate was issued, the defendant knew that the Gullett Gin Company's interest in the insured property was about $4,000; that, with knowledge of the facts, the defendant waived the provisions of the Master Policy limiting its liability to the interests of the Gullett Gin Company and R. L. Fisher in so much of the machinery as he had purchased from that Company, and was estopped from asserting that the certificate covered only their interests in that machinery; that, while the certificate was in full force and effect, the insured property, which was of the reasonable value of $37,500, was destroyed by fire, and that the defendant thereby became indebted to the plaintiffs in the sum of $19,000 and interest.

The defendant denied liability under the certificate, except for $3,859.50 to the Gullett Gin Company and R. L. Fisher, the reasonable value of the machinery which Fisher had purchased from that Company. The defendant contended that the contract of insurance consisted of the certificate and the Master Policy and that the coverage was fixed by those instruments and could not, under applicable Missouri law,

be expanded by waiver or estoppel to cover the interests of the other plaintiffs.

Since it appears that the defendant has on this appeal presented nothing for review except possibly the question whether the District Court committed some obvious and vital error which in the interests of justice this Court should notice, a detailed statement of the facts disclosed by the evidence is unnecessary.

At the close of the plaintiff's evidence upon the trial, the defendant, without resting, filed a motion to dismiss "in so far as the plaintiffs Clyde Berry and Lake County Oil Mill, a corporation, are concerned, and for grounds therefor defendant states that under the law and the evidence the defendant is not indebted to said plaintiffs and said plaintiffs are not entitled to recover from the defendant." The motion was not granted. The defendant introduced its evidence. That constituted a waiver of the motion. Union Pacific Railway Co. v. Callaghan, 161 U.S. 91, 95, 16 S.Ct. 493, 40 L.Ed. 628; Hansen v. Boyd, 161 U.S. 397, 403, 16 S.Ct. 571, 40 L.Ed. 746; Geo. D. Horning, Inc. v. McAleenan, 4 Cir., 149 F.2d 561, 565; Boulter v. Commercial Standard Ins. Co., 9 Cir., 175 F.2d 763, 768; Ruud v. American Packing & Provision Co., 9 Cir., 177 F.2d 538, 542-543.

No motion was made by the defendant for a directed verdict at the close of all of the evidence. Therefore, the sufficiency of the evidence to sustain the verdict and judgment may not be reviewed by this Court.

In the case of Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175, a plaintiff attempted to raise the question of the sufficiency of the evidence to support a verdict for the defendant, although the plaintiff had made no motion for a directed verdict. He asserted that the attitude of the trial court was such that it would have

---

1. The certificate reads in part as follows:

"Certificate No. 107
Certificate of Insurance     New
Amount $19,000.00
Rate 3.90
Premium $741.00
Jackson, Mississippi
We Hereby Certify, that on the 28th day of October we, the undersigned, insured under Policy No. T3501 made for

Gullett Gin Company not exceeding Nineteen Thousand and no/100 Dollars, on Cotton Gin Machinery while in transit and while located in Marston, Missouri from October 28th, 1947, to October 28th, 1948 Under which the interests of R. L. Fisher Gin Company and/or Clyde Berry and/or Lake County Oil Mill and/or Gullett Gin Company are covered in accordance with the terms and conditions of the policy."

been useless for him to make such a motion. This Court said at page 176 of 127 F.2d: "* * * But if the plaintiff intended to appeal in case the verdict went against him and to challenge the sufficiency of the evidence to support a judgment for the defendant, it was essential that he request the trial court to direct the jury to return a verdict in his favor and that he secure from that court a ruling upon his request. In the absence of such a request and ruling, the question of the sufficiency of the evidence to support the verdict and judgment is not subject to review by this Court. Ayers v. United States, 8 Cir., 58 F.2d 607, 608; Combs v. United States, 8 Cir., 65 F.2d 787. This Court is a court of review and is without jurisdiction to retry an action such as this and to enter the judgment which it thinks should have been entered in the trial court. Geiger v. Tramp, 8 Cir., 291 F. 353, 355; United States v. Washington Dehydrated Food Co., 8 Cir., 89 F.2d 606, 609, 610; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444. We are therefore precluded from concerning ourselves with the question of the sufficiency of the evidence to support the judgment." See, also, Harnik v. Lilley, 8 Cir., 167 F.2d 159, 160-161 and cases cited.

The defendant made no objections and took no exceptions to the instructions given by the District Court to the jury. Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *" The purpose of the rule is to prevent a party, after verdict, from taking advantage of the giving of an erroneous instruction to which he failed to call attention in time to enable the court to correct it. Palmer v. Hoffman, 318 U.S. 109, 119–120, 63 S.Ct. 477, 87 L. Ed. 645; Palmer v. Miller, 8 Cir., 145 F.2d 926, 930. Having at the trial acquiesced in the court's instructions to the jury, the defendant may not now contend that the instructions were erroneous or that the applicable law was not what the District Court conceived it to be.

After the verdict was returned and judgment was entered, the defendant moved the court for judgment notwithstanding the verdict or for a new trial. He has appealed from the order denying this motion as well as from the judgment. Only a party who has first made a motion for a directed verdict may, under rule 50(b) of the Federal Rules of Civil Procedure, move for judgment notwithstanding the verdict. Moreover, under federal practice, an order denying a motion for such a judgment or for a new trial is not appealable nor reviewable. See Emanuel v. Kansas City Title & Trust Co., supra, page 176 of 127 F.2d; Harnik v. Lilley, supra, page 160 of 167 F.2d; St. Luke's Hospital v. Melin, 8 Cir., 172 F.2d 532; Chicago, St. P., M. & O. Ry. Co. v. Pender Drainage District, 8 Cir., 183 F.2d 773.

The defendant has pointed to no act or ruling of the court to which he objected during the trial. Under the circumstances, this appeal amounts to nothing more than an invitation to retry the case upon the printed record, an invitation which we must decline.

This is not one of those exceptional cases in which an obvious error of a District Court, although not objected to at the trial, calls for a reversal in order to prevent a miscarriage of justice.

The judgment is affirmed.