George W. O'MALLEY, Collector of Internal Revenue for the District of Nebraska, Appellant,

v.

Noel COVER, Appellee.

No. 15104.

United States Court of Appeals, Eighth Circuit.

April 5, 1955.

Melva M. Graney, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Robert B. Ross, Sp. Assts. to the Atty. Gen., and Donald R. Ross, U. S. Atty., Omaha, Neb., were on the brief), for appellant.

Robert H. Beatty, North Platte, Neb., and Paul A. Phillips, Omaha, Neb. (Raymond G. Young, Omaha, Neb., was with them on the brief), for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiff (appellee) entered upon the verdict of a jury in an action for the recovery of an alleged overpayment of income taxes for the year 1942. The defendant (appellant) asks that the judgment be reversed and that the District Court be directed to enter a judgment of dismissal or to grant a new trial.

The plaintiff was a farmer, rancher and cattle feeder who on December 31, 1942, bought from the Commodity Credit Corporation 33,750 bushels of "whole feed wheat" for $27,000, with the purpose in mind of feeding the wheat to cattle which he intended to buy in January of 1943. The price of cattle went up through January and February, 1943. The feed wheat had to be fed within 90 days. The plaintiff did not buy the cattle, and sold the wheat to Armour and Company for $27,000 in the spring of 1943, to be fed to sheep. He was feeding lambs for that Company in 1942 and 1943 under contract.

In his income tax return for the year 1942 the plaintiff took a deduction for the $27,000 paid for the wheat, as an ordinary and necessary expense of his business. In his income tax return for the year 1943 the plaintiff reported the $27,000 received for the wheat from Armour and Company as income. In June of 1949 the Commissioner of Internal Revenue disallowed the deduction of the $27,000 from 1942 income and adjusted the plaintiff's 1943 income by excluding that amount. This resulted in the assessment of a deficiency for the year 1942, which the plaintiff paid. A timely claim for refund was filed November 3, 1949. The plaintiff brought this action on August 9, 1951. The defendant in his answer denied that the plaintiff had been overassessed for income taxes for the year 1942.

The issue tried to the jury was whether the $27,000 paid by the plaintiff for the feed wheat in 1942 was an ordinary and necessary business expense, deductible under Section 23(a) (1) (A) of Title 26 U.S.C., 1940 Ed., Suppl. V; 26 U.S.C.A. § 23(a) (1) (A). The plaintiff asserted that it was, although concededly he did not have on December 31, 1942, and did not later procure, the cattle for which the feed was bought. The defendant's contention was that the expenditure of $27,000 for wheat to feed cattle which were never purchased was not deductible as an ordinary and necessary business expense.

■ At the close of the plaintiff's case, the defendant moved for a directed verdict on the ground that the evidence of the plaintiff showed that in 1942 he was not in the business of feeding cattle or in any business in which the grain purchased could be used. The court reserved its ruling on the motion. The defendant then proceeded to introduce his evidence, thereby waiving his motion for the direction of a verdict. Home Ins. Co. of New York v. Davila, 1 Cir., 212 F.2d 731, 733; Auto Transport, Inc., v. Potter, 8 Cir., 197 F.2d 907, 908; Capital Transp. Co. v. Compton, 8 Cir., 187 F.2d 844, 846; Boston Ins. Co. v. Fish-er, 8 Cir., 185 F.2d 977, 978 and cases cited; H. F. Wilcox Oil & Gas Co. v. Skidmore, 8 Cir., 72 F.2d 748, 752; Washburn v. Douthit, 8 Cir., 73 F.2d 23, 24.

The defendant, at the close of all of the evidence, did not renew his motion for a directed verdict, but joined in a request that the court submit to the jury the following interrogatory: "Was the purchase of the 33,750 bushels of wheat by Mr. Cover for $27,000, on December 31, 1942, an ordinary and necessary business expense?" The court submitted the interrogatory to the jury, which answered it in the affirmative. The defendant four days later filed a motion for judgment notwithstanding the verdict. The court denied this motion, and entered judgment for the plaintiff in conformity with the verdict of the jury. This appeal followed.

In the defendant's brief, under "Statement of Points to be Urged," the following appears:

"A full statement of points relied upon by the appellant is set out on page 64 of the record. Inasmuch as the evidence clearly showed that taxpayer, who purchased the wheat for $27,000 on December 31, 1942, was not in the business of feeding cattle either in 1942 or in 1943, essential errors to be urged are (1) the District Court's failure to grant the Collector's motion for a directed verdict; (2) the erroneous instruction to the jury that *intent to buy* cattle was sufficient to support a deduction of an ordinary and necessary business expense under Section 23(a); and (3) the District Court's failure to grant the Collector's motion for judgment notwithstanding the verdict."

■ It is an ancient and familiar rule that an appellant is not entitled to a review of the sufficiency of the evidence to support a jury verdict unless, at the close of all the evidence taken at the trial, he moved the trial court to direct a verdict in his favor upon specifically stated grounds. Mansfield Hard-

wood Lumber Co. v. Horton, 8 Cir., 32 F.2d 851, 852–853; Ayers v. United States, 8 Cir., 58 F.2d 607, 608–609; United States v. Kaiser, 7 Cir., 138 F.2d 219, 220; Boston Ins. Co. v. Fisher, supra, at pages 978–979 of 185 F.2d; Capital Transp. Co. v. Compton, supra, at pages 846–847 of 187 F.2d; Atlantic Coast Line R. Co. v. Mims, 5 Cir., 199 F.2d 582, 583; Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82, 85.

■ A trial court is not obliged to consider or to rule upon the question of the sufficiency of the evidence to take a jury case to a jury unless that question is raised by a proper motion for a directed verdict made at the close of the evidence.

■ As we have already stated, the defendant waived his motion for a directed verdict, made at the close of the plaintiff's case, by introducing evidence; and not only did he fail to make a motion for a directed verdict at the close of all the evidence, but he joined in a request that the controlling issue in the case be submitted to the jury. The District Court, under the circumstances, did not and could not err in failing to direct a verdict which, in effect, both parties had asked the court not to direct.

■ Neither did the court err in refusing to grant judgment notwithstanding the verdict. Only a party who has first made a motion for a directed verdict may, under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., move for judgment notwithstanding the verdict. Boston Ins. Co. v. Fisher, supra, at page 979 of 185 F.2d.

■ Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." This is a restatement of a long-established rule of federal procedure to the effect that alleged errors in instructions are not reviewable in the absence of objections or exceptions pointing out to the trial court wherein and why the instructions given were erroneous. Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 450–451 and cases cited; Mill Owners Mut. Fire Ins. Co. v. Kelly, 8 Cir., 141 F.2d 763, 765.

In the instant case the defendant's only exception to the court's charge to the jury was: "Defendant takes exception to that part of the instructions which states that if Mr. Cover intended to buy cattle in 1943, that the Jury may find that the expense was an ordinary and necessary business expense." This exception obviously did not state distinctly any grounds for the defendant's objection, nor was it an accurate statement of any portion of the court's charge. What the court, in effect, told the jury was that if they found that the plaintiff intended to purchase cattle to which to feed the wheat in suit and that the purchase of the wheat was an ordinary, normal and necessary transaction for a rancher and farmer such as the plaintiff, then the purchase price of the wheat would be an ordinary and necessary business expense, even though the plaintiff thereafter found it inadvisable to use the wheat for the purpose for which it was purchased.

■ The issue in this case was simple and understandable; the parties requested that it be submitted to the jury; it was submitted under instructions which were adequate and to which no proper exceptions were taken. We have frequently pointed out that this Court has power to review only questions of law which are properly preserved for review, and that it does not have power to try or retry cases.

■ This is not one of those rare situations in which an appellate court, in the public interest and to prevent a miscarriage of justice, will notice a plain error not objected to at the trial. Ayers v. United States, supra, at page 609 of 58 F.2d.

The judgment appealed from is affirmed.