KEROLA, Plaintiff-Appellee, v. CITY ASPHALT & PAVING COMPANY, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3893. Decided March 28, 1957.

W. Glenn Osborne, Youngstown, for plaintiff-appellee.

Joseph P. Sontich, David C. Haynes, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

An agent of defendant corporation was operating a tractor hauling a road paver on a trailer in a northerly direction on Route 90, a duly dedicated, improved and accepted state highway, twenty-four feet wide, at a place in Trumbull County about a mile south of Vienna, where that highway extends in a general northerly and southerly direction and crosses a bridge or culvert by a cement bridge where Route 90 levels off from a rise some distance south of the culvert and close to the entrance to Squaw Creek Country Club.

Plaintiff alleged in her amended petition that:—

"* * * she was in the act of passing this tractor and trailer and had proceeded only a short distance in passing when the truck and trailer of the defendant pulled over the center, or dividing, line of the highway and the trailer of the defendant struck the car plaintiff was driving

and forced her off the road and caused the car to spin around and collide with the cement bridge located on Route 90."

Plaintiff alleges she was caused to suffer personal injuries for which she sued defendant in the court of common pleas.

By amended petition plaintiff charged defendant with negligence in the following respects:—

"1. In operating its tractor and trailer across the center, or dividing line of the highway when plaintiff was attempting to pass the tractor-trailer and colliding with the car being driven by the plaintiff.

"2. In failing and neglecting to keep its tractor and trailer in its own line of travel, when defendant's agent knew, or in the exercise of ordinary care should have known, that the plaintiff was attempting to pass.

"3. In failing and neglecting to give way to the right upon plaintiff's signal showing her intention to pass.

"4. In failing and neglecting to apprise plaintiff by horn, or a signal of some kind, of his intention to cross over the middle, or dividing, line of the highway while plaintiff was attempting to pass."

The jury returned a verdict for the plaintiff upon which the trial judge after overruling defendant's motion for a new trial duly entered judgment. Defendant appealed to this court on questions of law.

Defendant contends "there is sufficient evidence in this cause to declare that plaintiff-appellee's actions were of such a nature that, as a matter of law, she was guilty of contributory negligence, and that defendant-appellant's motion" made at the close of plaintiff's case only should have been sustained; that the judgment of the trial court should be reversed on the urged grounds of "the plaintiff-appellee's contributory negligence as a matter of law" and "error of the court in failing to direct a verdict for the defendant."

In **Halkias v. Wilkoff Co., 141 Oh St 139,** the second paragraph of the syllabus reads:—

"When a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and if he accepts the ruling, however erroneous it may be, and proceeds with his defense, introducing evidence on his own behalf, he thereby waives his right to rely on the denial of his original motion."

Obviously the trial judge did not err to defendant's prejudice as charged in this assigned ground of error.

The trial judge refused to charge the jury in writing before argument the following proposition of law requested by defendant:—

"The Court charges you, as a matter of law, that it was the duty of the plaintiff immediately prior to starting to pass the tractor-trailer of the defendant, to exercise ordinary care for her own safety and to use her sight to observe and avoid dangers incident to her passing said tractor-trailer and if you find, from the evidence, that the plaintiff, Joann Kerola failed to exercise ordinary care for her own safety at said time and place, and that such failure to exercise such ordinary care

directly contributed in any degree to her accident, then and in that event, your verdict must be for the defendant, The City Asphalt Co."

This request asked the trial judge to say. to the jury as a matter of law "that there were dangers incident to her (plaintiff's) passing" and the words "to use her sight to observe and avoid dangers incident to her passing" were misleading.

In **Leonardi v. The A. Habermann Provision Co.**, 143 Oh St 623, it is said in the second syllabus:—

"In an action to recover damages for personal injuries through the alleged negligence of another, it is not error to refuse to give a charge requested to be given before argument from the language of which special request a jury might reasonably infer that the court assumed the existence of material facts that were in dispute."

The charge as submitted was properly refused.

Next, it is contended by the defendant that the trial judge abused his discretion "in refusing to continue the trial on the last day thereof until 1:30 P. M., so that counsel for defendant-appellant could have recalled the witness, Donald Henderson, for further cross-examination, after it was clearly shown by the State Highway Patrolman, Ralph Corger, that said witness Henderson had clearly falsified."

Obviously defendant sought to show that witness Henderson had made prior inconsistent statements and thus attempted to impeach his testimony.

In **Radke v. State of Ohio**, 107 Oh St 399, syllabus 3, it is said:—

"Evidence relating to special impeachment tending to contradict some statement made by a witness in a cause on trial is not competent until the foundation is first laid by inquiring of the witness sought to be impeached as to whether or not, at some time and at some place, and to some person or persons, as definitely fixed or named as may be, he did not make some particular contradictory statement, advising the witness, at least in substance, what such statement was."

Reviewing the entire record submitted to us we can not charge the trial judge with an abuse of discretion in the respect charged in the assigned ground of error under discussion.

Under the assigned ground of "other errors apparent upon the face of the record to which proper objections and exceptions were made and taken" defendant claims:—

"* * * no evidence was submitted on behalf of plaintiff-appellee as to medical and hospital expenses, in any amount, and it became a speculative matter for the jury. * * *

"* * * that there was no evidence concerning value of the medical expense, and amount of hospital bills, if any. This was conjectural, and the court did charge on the subject at B. X. 177:

" "* * * and if you find that as a direct consequence of this accident and injuries she has incurred expenses, you will allow her an amount which the evidence by its greater weight impresses upon you as being such direct expenses; * * *.'"

The trial judge did not specifically mention medical nor hospital expenses in the portion of the charge of which complaint is made.

We do not understand defendant's claim that the portion of the charge under consideration was misleading to defendant's prejudice.

Plaintiff's attending physician testified as to the nature and permanency of plaintiff's injuries, necessitating hospitalization on two occasions, the length of time she was under his care which necessitated his seeing her in the neighborhood of fifty times, and the necessity of future treatment—"yes it is going to be a long time I am afraid."

Upon testimony and that evidencing the hospital expenses and the other expenses incident to restoring her to good health we certainly can not say that a verdict of $5,000.00 for permanent injury to a young girl is excessive; nor reverse the trial judge on the ground that he misled the jury by the portion of the charge of which complaint is made, especially when at the close of the charge when the trial judge asked counsel "have I omitted anything or been in error" defendant's counsel replied, "nothing further, Your Honor."

In **Mansfield Public Utility & Service Co. v. Grogg, 103 Oh St 301,** it is said at **page 303:**—

"In interpreting a charge the language employed, as a whole, as distinguished from any single paragraph, sentence or phrase, should be subjected to the test to determine whether the rules of law announced apply and cover fairly the case in its finally produced and completed state, and this without resort to supertechnicality."

In **Haas v. Kundtz, 94 Oh St 238.** it is said in the second syllabus:—

"Where an instruction which is open to criticism has been given by a trial court to a jury and the record discloses that the instruction could not have resulted in prejudice to the complaining party, it is error for a reviewing court to reverse the judgment of the trial court upon that ground."

Testing the charge in the light of that law we believe that "the rules of law announced apply and cover fairly the case in its finally produced and completed state," and "that the instruction could not have resulted in prejudice to" defendant, and we can not reverse the judgment of the trial court on that ground.

Also under this assigned ground of error it is charged that the trial judge in interrogating a witness drew certain conclusions of the width of defendant's truck and width of the road thus leaving an indelible impression on the minds of the jurors to defendant's prejudice.

In **C. A. King & Co., v. Horton, 116 Oh St 205, syllabus 1,** it is said:—

"Where counsel in the introduction of evidence during the trial of a cause before the jury omit to develop facts tending to show that the contract between the parties which is the basis of the cause of action is unlawful and void, it becomes the duty of the presiding judge to further examine witnesses and develop the facts, and to submit the issues thus made to the jury under proper instructions as to the law applicable thereto."

In **Armour & Co., et al v. Yoter, 40 Oh Ap 225, syllabus 9,** it is said:—

"9. Trial judge has active duty to aid in eliciting truth that verdict of jury may approach ends of justice."

At page 238 of the opinion the court said:—

"The veiled charge that the trial judge was guilty of partiality in that he interrogated witnesses does not seem to us of much moment. Trial judges should not be relegated to the position of umpires only. A trial judge has an active duty to aid in eliciting the truth, in order that the verdict of a jury may at least approach the ends of justice. We deem it rather laudible on the part of the trial judge, within reasonable limits, to endeavor to clear up any doubts which may arise in the statements of witnesses. In our opinion the criticism of the trial judge in that respect is unfounded."

In **Bolatin-Drabkin Furniture Co. v. Batten, 18 Abs 113, syllabus 3,** is it said:—

"It is not prejudicial error for the court to ask the defendant's driver, who is testifying as to what he had seen and knew about an accident, whether he left the scene of the accident before the injured man was taken away in an automobile."

Our conclusion in the case under review is identical with that reached in the case of Bolatin-Drabkin Furniture Co. v. Batten, where it is said on page 116:—

"It is not observable that anything that was said by the court in this connection would or could result prejudicially to the defendant. The witness is testifying as to what he had seen and knew about the accident, and then with regard to the plaintiff who was lying upon the sidewalk. Whether the witness was there or had left for some purpose might have an important bearing upon the testimony. In any event, it is not apparent that the jury would be prejudiced by reason of anything the court said in this connection."

In **Smith v. Rogers, 16 Oh Ap 110 at page 114** the court said:—

"The rule is well settled that errors or irregularities, which do not within themselves establish and clearly show prejudice to the substantial rights of the losing party, are not grounds for setting aside the verdict of the jury. Even substantial errors will not warrant such action on the part of the reviewing court when no injustice has been done the party complaining. Any improper remark made by the trial judge in the presence of the jury, which has a tendency to prejudice their minds in favor of the prevailing party, and against the unsuccessful party, is erroneous, yet such will not warrant a reviewing court to set aside a verdict and judgment in a case unless it clearly appears that such remark or statement of the judge was materially prejudicial to the losing party, and made with reference to something that was decisive of the case. * * *

"An objection and exception are necessary in order to lay the foundation for a review of the rulings of the trial court. Objections are made to the court, and after its ruling upon the question an exception may be noted. Objections are to the court, and the exception is and must be taken to such ruling. * * *."

Defendant claims "that the court of common pleas erred in not granting the defendant a new trial when the evidence overwhelmingly showed plaintiff to be guilty of contributory negligence as a matter of law." Certainly from the evidence introduced in the trial court we

can not say, and the trial court could not rightly say, that "reasonable minds can come to no other conclusion than that the plaintiff-appellee was guilty of contributory negligence, and the court should have directed in favor of the defendant-appellant, and granted a new trial and possibly final judgment."

As stated in disposing of defendant's first assigned ground of error defendant waived the right to rely on the denial of its original motion for a verdict to be directed in his favor by not standing on its exceptions and proceeding with its defense.

However, we shall proceed to discuss the assigned ground of error that "the court of common pleas erred in not granting the defendant a new trial," which obviously involves the question of whether "the evidence overwhelmingly showed plaintiff to be guilty of contributory negligence as a matter of law."

In **Biery, Admx., v. The Pennsylvania Rd. Co., 156 Oh St 75,** at page 77 of the opinion, it is said:—

"The rule is well settled that upon a defendant's motion for a directed verdict, the trial court must construe the evidence most strongly in plaintiff's favor and submit the case to the jury if such evidence, with all inferences reasonably deducible therefrom, would permit reasonable minds to reach different conclusions with respect to those questions of fact essential to be proved by plaintiff."

From the evidence we have reviewed we can not say, and the trial court rightly could not and did not say, that defendant rebutted the presumption of plaintiff's exercise of ordinary care.

In **McMurtrie v. Wheeling Traction Co., 107 Oh St 107,** the second syllabus reads:—

"In all cases where in determining the existence or non-existence of contributory negligence it becomes necessary to detect the truth from conflicting evidence, it becomes a question of fact and not of law."

In **Painesville Utopia Theatre Co. v. Lautermilch, 118 Oh St 167.** the syllabus reads:—

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

Plaintiff was operating her automobile at the lawful rate of forty-five miles an hour, and had followed defendant's vehicle for several miles, which she decided to pass at a place where the highway was marked by a dividing line and no traffic was approaching, which she had a legal right to do; and the skid marks made by plaintiff's automobile were all on the westerly side of that highway which she used and had the right to use in passing defendant's vehicle.

Plaintiff signalled her intention to pass defendant's vehicle, and while in the act of passing defendant's vehicle admittedly was operated or veered to the left of the center line of the highway, and the overhanging machinery which defendant's vehicle was hauling struck the

right front fender of plaintiff's automobile causing plaintiff to lose control thereof.

We have exerted considerable effort trying to determine how under such evidence plaintiff can be charged with contributory negligence as a matter of law and why the trial judge should be charged with commission of error prejudicial to defendant in not granting it a new trial when upon original trial the verdict of the jury was supported by sufficient evidence, and certainly was not against the manifest weight thereof, and have not been able to do so.

We find no merit in this assigned ground of error.

Having disposed of defendant's nine assigned grounds of error, some of which do not seem of much moment, at greater than usual length the judgment of the court of common pleas must be and is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.