104 So.2d 337 (1958)
6551 COLLINS AVENUE CORP., a Florida corporation, doing business as Monte Carlo Hotel, Petitioner,
v.
Beverlee MILLEN, a single woman, Respondent.
Supreme Court of Florida.
July 11, 1958.
Rehearing Denied July 30, 1958.
*338 Arthur D. Frishman, Miami Beach, for petitioner.
Nichols, Gaither, Green, Frates & Beckham, and Sam Daniels, Miami, for respondent.
ROBERTS, Justice.
This cause is before the court on certiorari granted to review an order of the District Court of Appeal, Third District, dismissing an appeal taken by the petitioner, who was the defendant in the trial court, from a jury verdict and judgment in favor of the plaintiff, respondent here. See 6551 Collins Avenue Corp. v. Millen, Fla.App. 1957, 97 So.2d 490, for the District Court's opinion supporting its order of dismissal.
As shown therein and by the record before this court on certiorari, on the appeal to the District Court the defendant assigned as error the denial of a motion for directed verdict made by it at the close of plaintiff's case and renewed after verdict and, according to plaintiff's motion to dismiss the appeal filed in that court, contended on the appeal only that "there is no evidence to support plaintiff's verdict and judgment and that the District Court should enter a final judgment for defendant." The District Court granted the motion to dismiss the appeal after argument on the following question of law:
"Whether a defendant who files no motion for new trial and in addition fails to renew his motion for directed verdict at the close of all the evidence, but after an unfavorable verdict does file a post-trial renewal of his motion for directed verdict made at the close of plaintiff's case, can raise on appeal any question concerning the sufficiency of the evidence to support the jury verdict?"
The District Court reasoned that Rule 2.7 of the 1954 Florida Rules of Civil Procedure, 31 F.S.A. (former Florida Common Law Rule 40, as adopted in 1950 and amended in 1952) is patterned after and almost identical to Rule 50 of the 1938 Federal Rules of Civil Procedure, 28 U.S.C.A.; and that, under the federal decisions, a defendant who proceeds to put on his case after a denial of or reservation of decision on a motion for directed verdict made at the close of plaintiff's case is deemed to have waived his motion so that his "failure to move for a directed verdict at the close of all the evidence * * * precludes an appellate review of *339 the sufficiency of the evidence to sustain the verdict."
At the outset it should be noted that, insofar as the District Court's opinion may be interpreted as holding that the evidence cannot be reviewed by a Florida appellate court on an assignment of error directed to the denial of a motion for new trial made on the ground that the verdict is against the manifest weight of the evidence, it is in direct conflict with the decision of this court in Ruth v. Sorensen, opinion filed March 21, 1958, 104 So.2d 10.
It should also be noted that, insofar as it follows the federal rule of waiver by defendant of a motion for directed verdict made at the close of plaintiff's case and not renewed at the close of all the evidence, it is in conflict with the expression of this court in Dawes v. Robinson, 1926, 91 Fla. 99, 107 So. 340, although this court was there concerned with an assignment of error directed to the denial of a motion for new trial made on the ground, among others, that the trial judge erred in denying the defendant-appellant's motion for directed verdict made at the close of plaintiff's case.
The particular issue here, however, is whether the District Court erred in applying the federal rule as to waiver in its interpretation of Rule 2.7(b) of the Florida Rules of Civil Procedure, since the only contention made by the defendant on the appeal in the District Court was that the verdict should be set aside and judgment entered for the defendant. We have concluded that the District Court was eminently correct in following the settled federal practice in this respect.
Rule 50(b) of the federal rules and Florida Rule 2.7(b) provide, in part, as follows:
"Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury * * * subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; * * *"
This particular portion of Rule 50(b) was incorporated in the federal rules for the purpose of ending the confusion prevailing in the federal courts as to when and how a litigant could obtain in he trial court a judgment in his favor despite an adverse verdict in favor of his opponent. See Johnson v. New York, N.H. & H.R. Co., 1952, 344 U.S. 48, 51, 73 S.Ct. 125, 97 L.Ed. 77. But until Federal Rule 50(b) was adopted in this state in 1950 as Florida Common Law Rule 40 [1954 Rule 2.7(b)], our trial judges were not authorized to entertain a post-verdict motion to set aside a verdict and enter judgment in accordance with a motion for directed verdict on the ground of the insufficiency of the evidence, as now authorized by Rule 2.7(b). The trial judge could grant a common-law judgment non obstante veredicto upon the motion of plaintiff when the defendant's plea confessed the cause of action and set up matters in avoidance which were insufficient, although true, to constitute either a defense or a bar to the action. But there was no authority, either by statute or by judicial decision, to enter a judgment non obstante veredicto on the ground of the insufficiency of the evidence. See Dudley v. Harrison, McCready & Co., 1937, 127 Fla. 687, 173 So. 820; Heuacker v. Farrelly, 1937, 129 Fla. 239, 176 So. 98; Okeechobee Co., for Use and Benefit of Hamrick v. Norton, 1942, 149 Fla. 651, 6 So.2d 632; Hilkmeyer v. Latin American Air Cargo Expediters, Fla. 1957, 94 So.2d 821.
Thus, Rule 2.7(b) introduced an entirely new concept into our trial practice. In effect, it conferred upon the trial judges of this state the same authority as to setting *340 aside a verdict and entering judgment in accordance with a previous motion for directed verdict as was exercised by federal trial judges under Rule 50(b) and federal judicial decisions. It appears to us, therefore, that the federal rule as to waiver may and should be applied in this situation in the same manner as it is applied in the federal courts.
Under federal decisions decided before and after the adoption in this state of what is now Rule 2.7(b), it is clear that a defendant whose motion for directed verdict on the ground of insufficiency of the evidence made at the close of plaintiff's case is denied and not renewed at the close of all the evidence, is in no position to make a post-verdict motion for judgment in accordance with such motion under Rule 2.7 (b); thus, the denial of such post-verdict motion cannot be assigned as error on appeal for the purpose of obtaining, on appeal, a direction that judgment be entered in his favor. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1941, 122 F.2d 350; Hawkins v. Sims, 4 Cir., 1943, 137 F.2d 66; Southeastern Greyhound Lines v. McCafferty, 6 Cir., 1948, 169 F.2d 1; Boston Insurance Co. v. Fisher, 8 Cir., 1951, 185 F.2d 977; United States v. 363 Cases, etc., D.C. Ark. 1956, 143 F. Supp. 219, reversed in United States v. 353 Cases, etc., 8 Cir., 247 F.2d 473.
There is, however, a dearth of federal decisions concerning the effect of a reservation of a ruling on a motion for directed verdict made by defendant at the close of plaintiff's case. In O'Malley v. Cover, 8 Cir., 1955, 221 F.2d 156, 159, the defendant did not renew at the close of all the evidence a motion for directed verdict made at the close of plaintiff's case, upon which a ruling had been reserved by the trial judge; instead; he joined with the plaintiff in a request that the controlling issue in the case be submitted to the jury. In considering an assignment of error directed to the denial of such motion the appellate court said: "The District Court, under the circumstances, did not and could not err in failing to direct a verdict which, in effect, both parties had asked the court not to direct." Thus it clearly appears that the decision in the O'Malley case was based not only on the rule of waiver but also on the fact of joinder by the defendant in a request to submit the controlling issue to the jury.
Only two other federal decisions have been found involving a similar question. In Sattler v. Great Atlantic & Pacific Tea Co., D.C.La. 1955, 18 F.R.D. 271, the trial judge held, somewhat anomalously, that he had jurisdiction to rule, after a mistrial, on a motion for directed verdict made by defendant at the close of plaintiff's case, a ruling having been reserved at that time, and to enter judgment for defendant  even though, under the decision of the United States Supreme Court in Johnson v. New York, N.H. & H.R. Co., supra, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77, he was precluded from entering judgment for defendant in accordance with a motion for directed verdict made by defendant at the close of all the evidence because of the defendant's failure to make a timely motion for judgment under Rule 50(b). The trial judge said [18 F.R.D. 274]:
"Plaintiff says that 50(a) itself provides for no right of reservation of later determination of the motion by the court. The answer to this contention is that nowhere in 50(a) is there evidence of any intention to take from the court its power to reserve a motion at the end of plaintiff's case and later dispose of that motion. This is a prerogative of the court which antedates the federal rules, and as stated in the Stevens case, supra, [Stevens v. G.L. Rugo & Sons, Inc. (D.C.Mass. 1952) 115 F. Supp. 61, reversed on other grounds 1 Cir., 209 F.2d 135] where the court has taken a motion under advisement under Rule 50(a), it not only can but must decide the issue."
*341 And in Stevens v. G.L. Rugo & Sons, Inc., supra, 115 F. Supp. 61, 62, the trial judge set aside a verdict for plaintiff and entered judgment for defendant even though the defendant had not renewed at the close of all the evidence its motion for directed verdict made at the close of plaintiff's case upon which the trial judge had reserved his ruling nor, in fact, moved for judgment in accordance with its previous motion. The court said:
"This trial court has the power to enter judgment for defendant if on all the evidence plaintiff cannot recover. The power itself does not arise from some procedural step invoked by one of the parties; it is inherent in the trial tribunal. The power may be invoked after the evidence most favorable to plaintiff is in, and after plaintiff has notice from the Court or from some procedural device employed by defendant that he must put up, or he will be put out. After its power has been invoked, the trial court not only can, but must, decide whether plaintiff has made a prima facie case. For a trial judge to be recusant, is to involve the courts and the parties in expense, delay, and sometimes fabrication of testimony consequent on a second trial."
It is true that neither Federal Rule 50(a) nor Florida Rule 2.7(a), relating to motions for directed verdict made at the close of the opponent's case, expressly authorize a trial judge to reserve his ruling on such a motion. Neither do they expressly authorize a trial judge to grant such a motion. Yet it is clear that, under the provisions of § 54.17, Fla. Stat. 1957, F.S.A., a trial judge in this state may grant a motion for directed verdict made by defendant at the close of plaintiff's case; or he may defer his ruling on the motion and, at the close of all the evidence, direct a verdict for defendant ex mero motu. And it seems to us consonant with reason, and within the purview of the rules, to hold that a trial judge may reserve his ruling on such a motion not only until the close of all the evidence but also until after verdict. As stated in Shaw v. Edward Hines Lumber Co., 7 Cir., 1957, 249 F.2d 434, 437:
"Indeed, various courts have recommended that trial courts reserve their decisions on such motions [until after verdict]. See Fratta v. Grace Line, Inc., supra [2 Cir., 139 F.2d 743]. This recommendation is made, not only for the purpose of avoiding unnecessary delay, but, in addition, to provide a procedure which gives the trial judge adequate opportunity properly to scrutinize the record and to make informed, considered rulings. See Baltimore & Carolina Line, Inc., v. Redman, supra [295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636]."
When a trial judge reserves his ruling on a motion for directed verdict made by defendant at the close of plaintiff's case and his reservation of decision is called to his attention and the motion renewed at the close of all the evidence  no matter how informally  it is clear that no charge of "waiver" can be made against the defendant. Cf. American Casualty Company for Use and Benefit of Smith v. Pearce, Fla.App. 1958, 101 So.2d 440.
Or if the record shows clearly and unequivocally that the trial judge's reservation of decision was for the express purpose of deferring until after verdict, and after a consideration of the entire evidence, his ruling on the defendant's motion, then it would seem to be an unnecessary adherence to the technicalities of procedure to hold that the defendant must make the useless gesture of "renewing" his motion at the close of all the evidence in order to avoid a charge of "waiver"  since, obviously, the defendant cannot waive a motion that is resting in the bosom of the court, so to speak. Following the decisions in the Sattler and Stevens cases, supra, we hold *342 that in this situation the trial judge has jurisdiction to rule upon the defendant's motion after a mistrial or after a verdict for plaintiff.
Insofar as appellate review of the sufficiency of the evidence under an assignment of error directed to the trial judge's ruling upon the defendant's motion is concerned, it is clear that in the situations hypothesized in the preceding paragraphs the trial judge's ruling would be based on a consideration of all the evidence adduced in the cause, so that the question of the sufficiency of the evidence could properly be considered by the appellate court on an assignment of error directed to the trial judge's ruling thereon. Cf. United States v. 353 Cases, etc., 8 Cir., 1957, 247 F.2d 473.
(It might be noted, parenthetically, that the question of whether the appellate court is authorized to direct the trial judge to set aside a verdict and enter judgment, or merely to remand for a new trial, upon the reversal of an order entered by the trial judge pursuant to an expressly reserved ruling on a motion for directed verdict, depends upon other considerations, for which see Johnson v. New York, N.H. & H.R. Co., 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77, and Shaw v. Edward Hines Lumber Co, supra, 249 F.2d 434.)
We wish to emphasize, however, that it is incumbent upon the defendant to make sure that the legal question presented by his motion for a directed verdict made at the close of plaintiff's case is preserved for consideration by the trial judge after verdict and by the appellate court on appeal. If the motion is denied, it must be renewed at the close of all the evidence. And if the trial judge simply announces "ruling reserved" on the motion, it would seem to be incumbent upon the defendant to secure from the judge, as a measure of precaution, an affirmative statement as to his reason for deferring or "reserving" his ruling, since there might be many different situations or circumstances under which a trial judge would deem it expedient to reserve ruling on the motion at the given moment.
From the record now before us it does not affirmatively appear that the trial judge reserved his ruling on defendant's motion for the purpose of considering it in the light of all the evidence, either at the close of all the evidence or after verdict, nor does it appear that he did, in fact, consider all the evidence before making his ruling. This being so, the District Court of Appeal was eminently correct in dismissing an appeal in which the only questions raised related to the sufficiency of the evidence.
Accordingly, the writ of certiorari is quashed and the cause dismissed.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and THORNAL, JJ., concur.