**A. & N. CLUB, a/k/a Youngstown Garrison No. 281 Army and Navy Union, U.S.A., Inc., Plaintiff-Appellee,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellant.**

**No. 18190.**

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1968.

---

9.  Udall v. Taunah, 398 F.2d 795 (10th Cir. 1968).

Marvin L. Karp, Cleveland, Ohio, for defendant-appellant; H. J. Glickman, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, on brief.

Leon M. Plevin, Cleveland, Ohio, for plaintiff-appellee; Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cleveland, Ohio, on brief.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

The action in the District Court was instituted by the Army and Navy Club, a/k/a Youngstown Garrison No. 281 Army and Navy Union, U.S.A., Inc., hereinafter Plaintiff, to recover on a $30,000 fire insurance policy No. 1 68 34 68 issued by the Great American Insurance Company, hereinafter Defendant. The action was tried to the Court sitting without a jury. Judgment in the amount of $24,937.50 was entered in favor of Plaintiff. Defendant appeals.

On December 12, 1963, the Defendant issued a fire insurance policy to Plaintiff in the amount of $30,000. The policy provided coverage against losses by fire

and lightning, extended coverage, vandalism and malicious mischief. It protected the contents, improvements, and betterments of the premises located at 2716 Market Street, Youngstown, Ohio. On December 30, 1963, the premises and contents therein were totally destroyed by fire by reason of which Plaintiff claimed to have sustained a loss of $24,937.50.

The Defendant admitted issuance of the policy, notice of and destruction of the property located at 2716 Market Street, Youngstown, Ohio; but denied payment under the policy. The basis of denial was that Plaintiff was responsible for the incendiary fire and that Plaintiff did not have an insurable interest.[1]

The questions before the trial court were factual determinations from the evidence. The first related to whether or not Plaintiff had an insurable interest in the property. The second was the determination of whether the insured had participated in the arson of the insured property.

The Plaintiff presented three witnesses whose testimony related to the chartering of Plaintiff organization and the issuance of and the claim under the insurance policy. The Plaintiff then rested its case. At this time the Defendant moved for a judgment in its favor, and dismissal of the complaint, on the ground that the Plaintiff had failed to prove that it had an insurable interest in or owned the damaged premises as required by Ohio law. The Court reserved its ruling on the motion.

Defendant then elected to put on its case. After all of the evidence was before the Court, the Defendant called the Court's attention to the pending motion, whereupon the Court overruled Defend-

ant's motion. The case was then taken under advisement by the Court.

The main thrust of Defendant's appeal before this Court is based on the ground that the Court erred by not granting Defendant's motion for judgment at the conclusion of Plaintiff's case. Plaintiff moved to dismiss this appeal; but on May 6, 1968 a panel of this Court denied the motion stating: "The question raised by Appellee is one for consideration on the merits of the appeal."

The pertinent question on appeal is whether the Defendant waived its right to question the Court's disposition of Defendant's motion for dismissal when it presented evidence after the Court had reserved action on its disposition.

On appeal Defendant's theory is that its presentation of evidence did not constitute a waiver of its right to appeal the disposition of the motion before the District Judge; for the trial judge did not deny, but merely reserved action on the motion. Defendant agrees with the proposition that if its motion had been denied prior to its presentation of evidence, it would have waived any right to challenge the trial judge's action. Defendant reasons that at the point of denial it would have been faced with the choice of standing on the motion and filing a "writ of error" or waiving the right to bring the aforementioned writ and proceeding with its evidence. However, when the Court reserved its ruling, Defendant contends it had no choice of electing to stand or to go ahead with the evidence. Defendant wishes the Court to believe that Defendant had no alternative but to go forward, since the Defendant had no power to compel action on the part of the Court unless the case was rested. Columbia & P. S. Rail-

---

1. The policy contained two sections upon which these denials are based: * * * "Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring (2) while the hazard is increased by any means within the control or knowledge of the insured," and: "This entire policy shall be void, if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in the case of any fraud or false swearing by the insured relating thereto."

road Co. v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405 (1892).

■ The law is clear that the Defendant could have stood on its motion at that time. 9 Wigmore on Evidence, Sec. 2496 (3rd Ed. 1940). Had the Court denied the motion Defendant could have appealed the denial. The only difference between Defendant's alternative actions on a denial and reservation of the motion, is that in the latter instance, the choice to proceed is made on the supposition that the motion may later be denied.

■ The motion in question was made pursuant to Rule 41(b), Federal Rules of Civil Procedure, which provides for involuntary dismissal in nonjury trials at the close of the Plaintiff's evidence. Federal Rule of Civil Procedure 41(b). The Rule is quite similar in effect and interpretation to Rule 50 (a), Federal Rules of Civil Procedure. United States v. United States Gypsum Co., 67 F.Supp. 397 (D.C.1946). The general policy behind these rules was to expedite the trial of cases, while relieving the moving party from having his proof cut off.[2] Bach v. Friden Calculating Machine Co., 148 F.2d 407 (6th Cir. 1945). Whether the motion is granted though remains within the discretion of the trial judge. Bates v. Miller, 133 F.2d 645 (2d Cir. 1943). It is also within the discretionary power of the trial judge to either act upon the motion immediately or to reserve his decision until later. See O'Malley v. Cover, 221 F.2d 156 (8th Cir. 1955); Detroit United Railway v. Nichols, 165 F. 289 (6th Cir. 1908); 9 Cyc.Fed.Pro. Sec. 29.18 and Sec. 31.80 (3rd ed.).

■ It is well settled that if the motion is denied the moving party has the choice of either standing on his motion or to proceed with his case. 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 219; Kerola v. City Asphalt and Paving Co., 152 N.E.2d 287 (Ohio App. 1957). If the motion is denied and the defendant decided to proceed with its case, it will have waived the initial motion and the right to appeal any error committed in its disposition. Bach v. Friden Calculating Machine Co., 148 F.2d 407 (6th Cir. 1945); McDonough v. United States, 248 F.2d 725 (8th Cir. 1957); Boston Ins. Co. v. Fisher, 185 F.2d 977 (8th Cir. 1951); Bates v. Miller, 133 F.2d 645 (2d Cir. 1943). It will constitute a waiver of defendant's right to allege error on the motion's disposition only in light of the evidence introduced up to the point of the motion. The motion may be renewed though at the close of all the evidence, McDonough v. United States, supra. This Court has held that a review now would take into consideration all of the evidence presented before and after the initial motion. Detroit United Railway v. Nichols, 165 F. 289 (6th Cir. 1908); Sadler v. Draper, 46 Tenn.App. 1, 326 S.W.2d 148 (1959).

The District Court did not deny the motion, but reserved its ruling. The Defendant chose to proceed with its proof. The question before us is whether the moving party shall be treated in the same manner as if the motion had been denied initially, rather than reserved and then denied. The moving party was presented with the basic question of either standing on the motion or proceeding with the case. It cannot be denied that the moving party must make

---

2. When Congress authorized the promulgation of the Federal Rules of Civil Procedure, the purpose was to simplify and to expedite the administration of justice. Rule 41(b) specifically provided for the disposition of litigation at the earliest opportunity; thereby avoiding the expense and delay incident to proceeding with the trial. It gave courts the power to weigh the evidence and to adjudicate on the merits. It also relieved the moving party of the risk of having its proof cut off in the event the motion is denied. See Bach et al. v. Friden Calculating Machine Co., 148 F.2d 407 (6th Cir. 1945); Bates v. Miller, 133 F.2d 645 (2d Cir. 1943).

his choice on the assumption that the motion may be denied. To hold that the Defendant in this case has not waived its right to attack the later disposition of the motion would place it in a far better position than if the motion had been denied originally.[3] It can be said that the "reservation" was through no fault of the moving party and was due to the discretion of the trial judge, but this is not reason enough to put Defendant in a better position.

The Eighth Circuit sees no difference in cases where the defendant has proceeded with its case after a motion under Rule 41(b), Federal Rules of Civil Procedure has been denied or reserved. The Court has stated that:

> "At the close of the plaintiff's case, the defendant moved for a directed verdict * * *. The court reserved its ruling on the motion. The defendant then proceeded to introduce his evidence, *thereby waiving his motion for the direction of a verdict.*" (Emphasis added)

O'Malley v. Cover, 221 F.2d 156, 158 (8th Cir. 1955).

The Defendant cites 6551 Collins Ave. Corp. v. Miller, Fla., 104 So.2d 337 (1958) as being directly on point. However, the Supreme Court of Florida stated that the lower court "* * * was eminently correct in following the settled federal practice in this respect." 6551 Collins Ave. Corp. v. Miller, supra at 339. The federal practice referred to by this State court was that "* * * under the federal decisions, a defendant who proceeds to put on his case after a denial of or reservation of decision on a motion for directed verdict made at the close of plaintiff's case is deemed to have waived his motion * * *." 6551 Collins Ave. Corp. v. Miller, supra at 338.

Dawes et al. v. Robinson, 91 Fla. 99, 107 So. 340 (1926), cited within the Collins Avenue opinion, is at variance with the Plaintiff's position. The holding there was that the defendant had not waived his exception to the trial judge's ruling on the motion; but there the exception was preserved under a Florida statute. Cf. Taylor v. Butcher, 349 Mich. 349, 84 N.W.2d 779 (1957). It seems evident that these decisions are based on state statutory provisions.

■ It is the opinion of this Court that the Defendant-Appellant waived its motion and the right to challenge its disposition when it proceeded to introduce evidence, O'Malley v. Cover, 221 F.2d 156 (8th Cir. 1955); Kerola v. City Asphalt and Paving Co., 152 N.E.2d 287 (Ohio App.1957); Capital Transit Co., Inc. v. Gamble et al., 82 U.S.App.D.C. 57, 160 F.2d 283 (1947).

■ The Court must now view all of the evidence presented. Detroit United Railway v. Nichols, 165 F. 289 (6th Cir. 1908); Bach v. Friden Calculating Machine Co., 148 F.2d 407 (1957). If any deficiency occurred prior to the motion, it would have been cured by the later introduction of evidence. Reserve Life Ins. Co. v. Gay, 101 Ga.App. 96, 112 S.E.2d 786 (1960). When this Court views the entire record there is evidence from which the trial judge could have based his findings and this Court finds no error in those findings.

Having decided there was a waiver of Defendant's right to claim error as to the disposition of its motion, we need not pass on the question relating to the evidence entered prior to the motion.

Affirmed.

---

3. On appeal the Defendant would have the *additional* right to question the disposition of the motion in consideration of only the evidence introduced prior to its making. Whereas, if the motion had been denied initially and renewed after the Defendant had proceeded with his case, all of the evidence would have to be considered by the Appellate Court. The review would *not* relate back to the time the motion was first presented, excluding evidence presented later.